Nilda **AGUILAR**, Appellant,

v.

The **STATE** of Texas.

No. 817–99.

Court of Criminal Appeals of Texas, En Banc.

Sept. 13, 2000.

---

John Gilmore, Corpus Christi, for appellant.

Audrey MullertVicknair, Corpus Christi, Matthew Paul, State's Atty., Austin, for the State.

## OPINION

JOHNSON, J., delivered the unanimous opinion of the Court.

Appellant and her step-daughter, Evangelica Aguilar (Evie), were jointly indicted and tried for the murder of Juan Aguilar, appellant's husband and Evie's father. A jury found appellant guilty and assessed punishment at twenty-five years confinement in the Texas Department of Criminal Justice—Institutional Division. The court of appeals affirmed the conviction. We will reverse.

On appeal, appellant complained, *inter alia*, that the trial court erred in failing to grant her motions for severance, which were presented both before trial and repeatedly urged during the guilt/innocence phase of trial. Appellant's pre-trial motion for severance alleged that Evie's defense was inconsistent with her own and would prejudice her case. In pre-trial hearings, both appellant and Evie accused each other of the murder and testified that they expected to present evidence of the guilt of the other, but the trial court denied both motions for severance. The trial court also denied appellant's motions that were presented during the guilt/innocence phase of trial. The court of appeals affirmed the rulings, holding that appellant failed to present sufficient evidence at the pre-trial hearing that her defense was necessarily inconsistent with Evie's and that appel-

lant's motions to sever after trial began were not timely.

We granted appellant's petition for discretionary review to determine if appellant's requests for severance made during trial were timely presented and should have been considered on the merits, when, according to appellant, they were made after evidence was presented that was so prejudicial that a severance was warranted. The specific ground for review granted is whether "[t]he court of appeals incorrectly refused to consider the state of the evidence at the times of appellant's renewal of her motion for severance by characterizing those renewals as untimely motions to sever." [1]

Article 36.09 mandates that the court order a severance upon a timely motion and upon introduction of evidence which establishes either (1) that there is a previous admissible conviction against one defendant or (2) that a joint trial would be prejudicial to any defendant. Specifically, Article 36.09 provides that:

Two or more defendants who are jointly or separately indicted or complained against for the same offense or any offense growing out of the same transaction may be, in the discretion of the court, tried jointly or separately as to one or more defendants; provided that in any event either defendant may testify for the other or on behalf of the state; and provided further, that in cases in which, *upon timely motion to sever*, and *evidence introduced thereon*, it is made known to the court that there is a previous admissible conviction against one defendant or that a *joint trial would be prejudicial* to any defendant, *the court*

---

1. We also granted two other grounds for review:

(2) Whether "[t]he court of appeals incorrectly held that the accomplice-witness rule is inapplicable where a jointly indicted co-defendant testifies on her own behalf adversely to the complaining defendant at a joint trial. If the jury is instructed not to use that testimony as evidence against the complaining defendant, and incorrectly held that appellant was

therefore not entitled to a jury instruction on the accomplice-witness rule."

(3) Whether "[t]he court of appeals incorrectly held that the evidence was sufficient to support appellant's conviction for murder, without explicitly considering the accomplice-witness rule in determining that sufficiency." Due to our disposition of ground one, we do not address these grounds, and they are dismissed.

*shall order a severance* as to the defendant whose joint trial would prejudice the other defendant or defendants.

(Emphases added.)

The beginning of any statutory construction analysis is the plain language of the statute in question. *Ex parte Whiteside*, 12 S.W.3d 819, 821 (Tex.Crim. App.2000); *Brown v. State*, 943 S.W.2d 35, 36 (Tex.Crim.App.1997). When the language of a statute is unambiguous, we must give effect to the plain meaning of the words unless doing so would lead to absurd results. *Id.* The plain text of Art. 36.09 is clear; a motion to sever must be timely made. Art. 36.09 does not, however, limit "timely,"[2] to "prior to trial."

In other sections of the Code of Criminal Procedure, the legislature has used specific language, such as "prior to trial" or "pre-trial," to indicate a limitation on timeliness. For example, Art. 46.03 § 2 instructs a defendant who plans to raise the insanity defense to do so prior to trial.[3] Art. 32A.02 § 3 (Speedy Trial) provides that "[t]he failure of a defendant to move for discharge under the provisions of this article prior to trial or the entry of a plea of guilty constitutes a waiver of the rights accorded by this article." Art. 28.01 spe-cifically addresses pre-trial motions, pleadings, and exceptions. It is clear from these examples that the legislature specifies "pre-trial" or "prior to trial" when that is its intention. Since it did not use such terminology in Article 36.09, but instead required only that a motion to sever be made "timely," we must conclude that the legislature intended that there be a distinction between the terms "prior to trial" and "timely."

The cases cited by the court of appeals can be traced to *Jackson v. State*, 439 S.W.2d 843 (Tex.Crim.App.1969). On the day of the commencement of trial, the defendant in *Jackson* moved to sever on the grounds that the co-defendant had a previous admissible conviction, and Jackson did not.[4] We held, *inter alia*, that:

> [Article 36.09] makes it incumbent upon an accused to make known to the court prior to trial[5] that there is a prior admissible conviction against his co-defendant or that a joint trial would be prejudicial.

*Id.*

By definition, a prior admissible conviction has been adjudicated before trial, and therefore evidence of such a conviction is available before trial. It is logical to re-

---

2. "Occurring at a suitable or opportune time." Webster's II New Collegiate Dictionary 1155 (1995).

3. Article 46.03, § 2, provides, in relevant part:
 (a) A defendant planning to offer evidence of the insanity defense shall file a notice of his intention to offer such evidence with the court and the prosecuting attorney:
 (1) at least 10 days *prior to the date the case is set for trial;* or
 (2) if the court sets a *pretrial* hearing before the 10–day period, the defendant shall give notice at the hearing; or
 (3) if the defendant raises the issue of his incompetency to stand trial before the 10–day period, he shall at the same time file notice of his intention to offer the evidence of the insanity defense.
 (Emphases added.)

4. The defendant in *Jackson* requested a severance only on the first alternative set out in Article 36.09, that his co-defendant had prior admissible convictions, while he had none. *Jackson*, 439 S.W.2d at 843. He did not seek a severance on the second alternative, that a joint trial would be prejudicial to any defendant. *See id.* Accordingly, it is both reasonable and logical to conclude that this Court reviewed the ground only as it related to prior admissible convictions and not on the issue of whether a joint trial would be prejudicial, which is the alternative before us in the instant case. Further, because the second alternative of the statute was unnecessary to this Court's ultimate disposition of the case, the portion of the cited text stating, "or that a joint trial would be prejudicial," is dicta.

5. Although the opinion indicates that a motion for severance be made "prior to trial," the language of the statute, then and now, requires only that the motion to sever be made "timely."

quire a defendant seeking severance on these grounds to produce this evidence prior to trial. Consequently, in this scenario, the meaning of "timely" is appropriately equated to "prior to trial."

This rationale is analogous to, and consistent with, our recent opinion in *Thornton v. State*, 986 S.W.2d 615 (Tex.Crim. App.1999), where we addressed the issue of when a motion to sever *offenses* must be filed in order to be "timely" under PENAL CODE section 3.04.

The defendant in *Thornton* was charged in a two-count indictment with aggravated sexual assault and indecency with a child. *Id.* After the jury was impaneled and sworn, and after the trial court arraigned the defendant on both charges, the defendant requested a severance of the two counts. *Id.* at 616. Noting that the primary reason for a defendant to sever offenses is to limit the presentation of evidence of multiple offenses, we held that appellant's motion was untimely because it was not made pre-trial. *Id.* at 617. Specifically, we held that:

> Pre-trial is the most logical time for a motion to sever in the light of the interests behind the right to severance and the preparation for presentation of a case from voir dire through acquittal or conviction. Thus, not only should a motion to sever be made pre-trial because Articles 27.02 and 28.01 apply, but also because logic and reason dictate such a conclusion.

*Id.* at 618.

▉ Logic and reason dictate that, in seeking a severance, evidence which a co-defendant *can* present prior to trial *should* be presented before trial. This follows the general rule that potential errors must be called to the attention of the trial court *when the grounds for the error become apparent,* giving the trial court an opportunity to avoid or correct potential error. *See Ford v. State*, 919 S.W.2d 107, 113

(Tex.Crim.App.1996). Consistent with *Jackson*, when addressing a request to sever *offenses,* "timely" means "prior to trial."

In addressing the second alternative of Article 36.09, we held in *Johnson v. State*, 449 S.W.2d 237 (Tex.Crim.App.1969), without explanation, that when evidence showing that a joint trial would be prejudicial to any defendant is presented at trial, the defendant's motion for severance, reurged only at the close of the evidence at the guilt/innocent phase,[6] was not timely. *Id* at 238. We have held similarly in other cases. *See Robinson v. State*, 449 S.W.2d 239 (Tex.Crim.App.1969) ("At the close of the evidence at the guilt stage of the proceedings, the appellant Robinson re-urged his original motion for a severance...."); *Etter v. State*, 679 S.W.2d 511, 515 (Tex. Crim.App.1984) ("[A]ppellant finally moved for severance after the parties had rested and closed at the guilt stage of the trial. *At this point* the court did not err in overruling the belated severance motion." (emphasis added.)). In each of these cases we found that the motions were not timely, as the *respective motions were not made until the close of evidence* at the guilt/innocence phase, i.e., they were not urged at the first opportunity (when the potentially harmful evidence was introduced) so that the trial court had the opportunity to avoid or correct the potential error.

▉ We have considered the meaning of "timely" in other contexts. Preserving error for appellate review requires that the "complaint [be] made to the trial court by a *timely* request, objection or motion." TEX.R.APP. P. 33.1. (Emphasis added.) To be timely, we have held that a complaint must be made *as soon as the ground for complaint is apparent or should be apparent. Wilson v. State*, 7 S.W.3d 136, 146 (Tex.Crim.App.1999); *Hollins v. State*, 805 S.W.2d 475, 477 (Tex.Crim.App.1991). It is fundamental that a specific objection to inadmissible evidence be urged at the first

---

**6.** The defendant in *Johnson* requested, but the court denied, a pre-trial motion for severance.

He did not reurge the motion until the close of evidence. *Johnson*, 449 S.W.2d at 238.

opportunity in order to be considered timely. *Marini v. State,* 593 S.W.2d 709, 716 (Tex.Crim.App.1980); *Cooper v. State,* 500 S.W.2d 837 (Tex.Crim.App.1973); *see also Whalon v. State,* 725 S.W.2d 181, 195 (Tex.Crim.App.1986); *Martinez v. State,* 437 S.W.2d 842, 847 (Tex.Crim.App.1969); *Guzman v. State,* 521 S.W.2d 267 (Tex. Crim.App.1975). The proper objection must be made as soon as the grounds of objection become apparent. *Ranson v. State,* 707 S.W.2d 96, 105 (Tex.Crim.App. 1986), *cert. denied,* 479 U.S. 840, 107 S.Ct. 147, 93 L.Ed.2d 88 (1986); *Sierra v. State,* 482 S.W.2d 259 (Tex.Crim.App.1972). Alternatively, appellant must show a reason for delaying his objection. *Whalon v. State,* 725 S.W.2d at 195; *Renfro v. State,* 156 Tex.Crim. 400, 242 S.W.2d 772 (1951).

▬ The purpose of lodging a timely and specific objection is to inform the trial court of the basis of the objection and to give the court an opportunity to rule on the specific objection as the evidence is introduced. *Ford,* 919 S.W.2d at 113; *Sattiewhite v. State,* 786 S.W.2d 271, 283 (Tex. Crim.App.1989), *cert. denied,* 498 U.S. 881, 111 S.Ct. 226, 112 L.Ed.2d 181 (1990). Similarly, the purpose of filing a motion to sever is to alert the trial court to potentially prejudicial evidence and to allow the court an opportunity to rule on the motion *as the prejudicial evidence becomes apparent.* We cannot assert that all prejudicial evidence will be discernible before trial, nor that it will be known to a defendant prior to trial. Prejudicial evidence may be divulged for the first time during trial. We cannot expect a defendant to produce sufficient evidence showing prejudice before trial when the unduly-prejudicial evidence is neither presented nor available until trial has begun. Nor can we logically expect the trial court to properly consider and rule conscientiously on a motion to sever based upon unexpected prejudicial evidence before the basis of the prejudice becomes apparent.

It has been asserted that "[t]he cases are in agreement that a motion to sever cannot be made after trial has begun." Dix & Dawson, 42 Texas Practice: Criminal Practice and Procedure section 33.25 (1995). Professors Dix and Dawson cite *Sanne v. State,* 609 S.W.2d 762 (Tex.Crim. App.1980), *Johnson, supra, Raspberry v. State,* 741 S.W.2d 191 (Tex.App.—Fort Worth 1987), and *Robertson v. State,* 632 S.W.2d 805 (Tex.App.—Houston [1 st District] 1982), in support of that contention. However, all of these cases involve motions to sever which were made either at the close of the evidence of the state's case or at the close of the evidence at the guilt stage, i.e., were not urged at the first opportunity, were made during the punishment phase or are otherwise distinguishable from the instant case.

In *Sanne,* the defendant complained of the trial court's failure to grant his motion for severance at the end of the guilt stage and before evidence on the punishment phase was heard. This contention is without merit for two reasons. First, the motion was not timely urged. Second, we have already reached a result favorable to appellant with respect to his double jeopardy claim addressed to punishment. This ground [for review], therefore, need not be considered.

*Sanne* at 775.

We note that, in *Sanne,* the motion to sever was made at the end of the guilt stage and the underlying facts for the court of appeals' ruling are not readily apparent. It is unclear whether the defendant sought severance of the guilt stage after all of the evidence had been heard, or whether he sought severance of the punishment phase before any punishment evidence had been heard. If the motion was in regard to the guilt phase, it was clearly not timely. However, because the double-jeopardy claim was in regard to punishment only, it could be assumed that the motion to sever was also in regard to punishment only. Because of this uncertainty and the disposition of the appeal on other grounds, the value of *Sanne* as authority in the issue before us is limited.

Dix and Dawson also cite *Johnson, supra*. However, the defendant in *Johnson* did not reurge his pre-trial motion for severance until the *close of the evidence at the guilt phase*. In *Robertson*, the 14th Court of Appeals found that the trial court did not err in overruling the defendant's motion for severance because the motion was urged *at the close of the state's evidence*, not at the first opportunity, and because the defendant presented no evidence in support of the motion. *Id.* at 807. In *Raspberry*, the 2nd Court of Appeals held that the trial court did not err in overruling the defendant's motion for severance urged during the punishment phase, finding that (1) the motion was not timely because it was not made before trial; (2) the defendant did not present sufficient evidence to support the motion; and (3) the record did not show that the defendant was prejudiced by a conflict of interest. *Id.* at 199. The *Raspberry* court of appeals relied on *Foster v. State*, 652 S.W.2d 474 (Tex.App.—Houston [1st Dist.] 1983) *aff'd*, 693 S.W.2d 412 (Tex.Crim.App. 1985), to find that a motion for severance must be made prior to the announcement of ready for trial. However, *Foster* misstates the authority that it relied upon.

In *Foster*, the defendant complained to the court of appeals that he was deprived of effective assistance of counsel because his trial counsel had failed to move for severance after a conflict of interest arose when a witness at the punishment phase implicated the defendant's co-defendant in an extraneous robbery.[7] *Id.* at 476. Relying on *Sanne* and *Johnson*, both *supra*, the court of appeals held that a motion to sever must be made prior to the announcement of ready, and a motion made at the end of the guilt phase is not timely. *Id.* at 477. However, in so holding, the *Foster* court of appeals misinterpreted both *Sanne* and *Johnson*. As noted above, this Court in *Sanne* stated only that the mo-

tion, made at the end of evidence in the guilt stage, was not timely urged. We did not thoroughly consider the claim because of our finding on the jeopardy issue. In *Johnson*, this Court held that the pretrial motion for severance reurged only at the close of the evidence of the guilt phase was not timely, but did not say that the motion must be made prior to the announcement of ready.

We also note that the *Foster* court of appeals did not address the timing of the severance motion correctly; while the defendant asserted an ineffective assistance claim, arguing that counsel should have sought a severance when the alleged prejudice became apparent, the court of appeals held that a motion made at the end of the guilt stage is not timely. On petition for discretionary review, this Court affirmed the judgment in *Foster*, but found that the court of appeals had addressed the wrong issue; the dispositive issue in determining ineffective assistance of counsel was whether there was a conflict of interest. We then found that there was no conflict of interest and did not reach the severance issue.

While we agree that a motion to sever is not timely if not urged until the close of evidence, we find no case law which deals with motions to sever made or reurged at the time that the allegedly prejudicial testimony is admitted.

Professors Dix and Dawson rely on the dissenting opinion in *Goode v. State*, 740 S.W.2d 453, 463 (Tex.Crim.App.1987) (plurality opinion with four judges concurring, two judges concurring in the result, and three judges dissenting), to conclude that "if trial has begun and an event occurs that prejudices one defendant but not another, the proper action is a motion for mistrial as to the prejudiced defendant only, not a motion to sever." Dix, § 33.25. *Goode* does not support that assertion.

---

**7.** Raspberry and his co-defendant were represented by the same attorney at their joint trial.

The defendant (Goode) and her mother (Rowena) were indicted jointly for capital murder. Both defendants filed pretrial motions to sever, asserting that they would each blame the other. The trial court denied both motions and tried them together. After a jury was impaneled and sworn, trial recessed for one week. *Id.* at 455.

During the recess, Goode's counsel learned that one of his investigators had, by misrepresenting herself as an agent of Rowena's counsel, repeatedly interviewed Rowena about the offense, tape-recording at least one of these interviews. Some of the information obtained was highly prejudicial to Rowena and inconsistent with her prior statements. Ultimately the investigator also delivered a copy of the recorded interview to Rowena's counsel. *Id.* at 456.

Counsel for both defendants notified the trial court of these developments and reurged their motions for mistrial, severance, and separate trials. Although the trial court again denied the motions, it ordered counsel not to use that evidence without first approaching the bench and allowing the court to decide "whether ... to declare a mistrial as to one of the defendants and sever one from the case." *Id.*

Trial resumed, and after direct examination of the state's second witness, Goode's counsel informed the court that he desired to use some of the information obtained through the improper interviews. After discussion, the trial court concluded that Goode and Rowena were pursuing mutually exclusive defenses and severed Rowena's trial, but ordered the trial against Goode to continue. Goode's objection and motion for mistrial were denied, and she was convicted.[8] *Id.*

On appeal, Goode complained that the trial court abused its discretion in denying her motion for mistrial when Rowena's case was severed. Although rejecting her claim, "especially in view of the investigative action of [her] agent," the court of appeals noted that "the trial court expressly left the motions to sever in a 'running' or 'continuing' posture and 'recognized a continuing duty to grant the motion(s) ... if ... that became the proper thing to do.'" *Id.*

■ This Court held that the trial court's denial of Goode's timely motion for mistrial was reversible error,[9] finding that a mistrial was necessary because Goode had been allowed only nine peremptory challenges;[10] after severance, because of antagonism and mutually exclusive defenses, of the only jointly-tried codefendant,[11] Goode was left with a jury selected at least in part by the severed codefendant. *Id.* at 460. More important to the instant case,

---

**8.** Rowena subsequently was tried separately and was acquitted.

**9.** Goode's motion for mistrial was the proper and only available motion, as Rowena's trial had already been severed and Goode was proceeding as the only defendant. Thus *Goode* cannot be read as requiring that a midtrial motion must be a motion for mistrial rather that a motion for severance. In the instant case, neither appellant's nor Evie's trials were severed, thus a motion for severance would be appropriate. Nevertheless, we note that appellant moved for a mistrial on at least four occasions after her requests for severance were denied.

This may be a case of semantics; whether a defendant in a joint trial is severed after the trial begins or is granted a mistrial, the result is the same; by virtue of a severance, the severed defendant is granted a functional mistrial, while a defendant who moves for, and is granted a mistrial, receives a functional severance.

**10.** Article 35.15(a) provides that

In capital cases in which the State seeks the death penalty both the State and defendant shall be entitled to fifteen peremptory challenges. Where two or more defendants are tried together, the State shall be entitled to eight peremptory challenges for each defendant; and each defendant shall be entitled to eight peremptory challenges.

Goode received an extra peremptory challenge on her motion after exhausting her allotted eight.

**11.** Two other codefendants were tried separately.

however, we approved the trial court's decision to sever the joint trial *when prejudice became apparent.* The trial court expressly ruled that both defendants' motions would remain "running" throughout the trial. *Id.* at 455, n. 3. Today, we hold that the trial court has a continuing duty to order a severance after trial begins upon a showing of sufficient prejudice.

 In the instant case, while on the stand and in the jury's presence, Evie made reference to the fact that appellant did not testify before the grand jury.[12] Appellant immediately objected and requested a severance, which was denied.[13] Such prejudicial testimony could not have been predicted prior to trial, particularly since the trial court granted appellant's motion *in limine* excluding disclosure that appellant had exercised her fifth amendment right not to testify in front of the grand jury. Thus Evie's surprise testimony could not have been considered by the trial court in arriving at its decision on appellant's pre-trial motion for severance.

Evie's trial testimony included other statements the potential prejudice of which could not have been determined nor ruled upon before trial. For example, during the investigation of the murder, Evie gave two statements to the police, both of which were made available to appellant. When Evie testified, however, she swore to additional events that were not included in either of her previous statements and that comprised potentially prejudicial evidence not known to appellant before trial. Evie's new testimony included assertions that: (1) appellant had pointed a gun at her; (2) appellant had threatened her baby's life;[14] (3) appellant had threatened to cut off the fingers of Evie's baby;[15] and (4) appellant had threatened Evie's grandmother. Evie did not make any of these allegations until she testified in her own defense in the presence of the jury.[16]

Because Evie made accusations against appellant for the first time when she testified, appellant could not have been aware of this potentially prejudicial testimony prior to trial and could not have presented it to the trial court before trial in an effort to show prejudice sufficient to warrant severance. The trial court could not have

12. Appellant did not testify at trial nor during grand jury proceedings.

13. Before the beginning of voir dire, appellant preserved error regarding her motions for severance made during trial. In a pre-trial hearing, the following colloquy transpired:

[Defense Counsel] I understand, Your Honor. I just want the record to be clear, that I would tell the Court, unless I'm stopped, that it's my intention to have a recess to, again, reurge this motion, particularly, when the evidence starts coming in as I predict.

[The Court] Okay. Again, you have been practicing law for, I think, longer than I've been alive, Mr. Tinker, practically, so you know that anything's possible, anything during the trial is possible. Nothing is written in concrete.

[Defense Counsel] Well, we have stated, under oath, that there is a conflict between these people. And it's my view that the Court should base some credence on those affidavits filed with our motions for severances. I understand the Court's ruling, Your Honor.

[The Court] *Let me assure you, also, that you don't have to renew any objection that you have made.* The Court can always reconsider. *If you feel that you have to, as long as it's not disruptive to the trial.*
Emphasis added.

14. The co-defendant was pregnant at the time of the offense.

15. The co-defendant's baby was born during the investigation of the offense.

16. The prosecutor even recognized that the co-defendant testified adversely to appellant to events that she had not previously disclosed in either of her two statements to the police. ("You didn't come up with that until you testified yesterday?"; "You never told that story to anybody until yesterday, did you?"; "Evie, we are hearing something else for the first time now, aren't we? Just since I passed the witness, we are hearing something else. Have you ever told anybody; the police, the grand jury, either one of the five pages of statement you had given to the police officers about [appellant] cutting your baby's fingers off?")

**910**

considered, before trial, the effects of the surprise testimony and whether a severance was necessary in order to afford appellant a fair trial.

When unduly-prejudicial evidence first emerges during trial, it is neither logical nor reasonable to mandate that a motion to sever based on prejudicial grounds be presented pre-trial, a time when the prejudice is neither known nor demonstrable. Hence, "timely" under these circumstances cannot be limited to mean "prior to trial." Therefore, we hold that a motion to sever on the grounds of unfair prejudice under Art. 36.09 is "timely" if made at the first opportunity or as soon as the grounds for prejudice become apparent or should have become apparent, thus providing the trial court an opportunity to rule on the potentially prejudicial evidence at the time it is introduced. Accordingly, we vacate the judgment of the court of appeals and remand this cause to that court for proceedings consistent with this opinion.