NO. 07-01-0240-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MAY 14, 2002

_____

ANDRE DUPREE RACHEL,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 46TH DISTRICT COURT OF WILBARGER COUNTY;

NO. 9956; HON. TOM NEELY, PRESIDING

_____

Before BOYD, C.J., QUINN and REAVIS, JJ.

Andre Dupree Rachel (appellant) pled guilty to sexual assault and was sentenced to three years imprisonment. Via two issues, he complains that error occurred during punishment because 1) the trial court failed to give his requested instruction to the jury regarding probation and 2) the State improperly presented evidence regarding the victim's character during its case-in-chief. We affirm.

**Issue 1: Denial of Requested Jury Instruction**

Appellant argues that the trial court committed reversible error in refusing his

requested instruction. He had requested the court to instruct the jury that

> If the punishment assessed by you is not more than ten years confinement *and since the Defendant has not ever been convicted of a felony in this or any other state*, you may recommend the sentence be suspended and the Defendant placed on community supervision.

(Emphasis added). The court refused and instead instructed the jury that

> If the punishment assessed by you is not more than ten years confinement and *you further find that he has not ever been convicted of a felony in this or any other state*, you may recommend the sentence be suspended and the defendant placed on community supervision.

(Emphasis added). We overrule the issue.

As can be seen by comparison of the italicized portions of the two instructions, appellant sought to have the trial court find that he previously had not been convicted of a felony and so instruct the jury. However, statute requires the jury to make that finding. TEX. CODE CRIM. PROC. art. 42.12, §4(e) (Vernon 2002) (stating that probation may be granted if the defendant files a written sworn motion with the judge wherein he alleges that he has not previously been convicted of a felony in this or any other state, and "the jury enters in the verdict a finding that the information in the defendant's motion is true"). Thus, the trial court did not err in refusing to deny the jury the opportunity to grant probation by itself making the requisite finding about appellant's prior felony convictions.

### Issue Two: Admission of Victim Character Evidence

Appellant next contends that the trial court committed reversible error in admitting evidence of the victim's character and maturity when he had not put the victim's character or maturity in issue. We overrule the point for the following reason.

First, appellant objected to the admission of the evidence by contending that it was

not relevant. Nothing was said by appellant about the State being prohibited from offering evidence of the victim's character and maturity when same has not been placed in issue. Nor can we say from the context of the exchange between appellant and the trial court that the latter understood that appellant questioned the admission of the evidence because it purportedly tended to evince the victim's character and maturity. Consequently, the general allusion to "relevance" was not enough to preserve complaint founded upon the specific grounds now being urged. TEX. R. APP. P.33.1(a)(1)(A); *Aguilar v. State*, 26 S.W.3d 901, 905-06 (Tex. Crim. App. 2000).

Furthermore, while appellant did object to some of the evidence purportedly illustrating the victim's character and maturity, he did not object to all of it. Nor did he request a running objection. So, since some evidence of the ilk about which appellant now complains was admitted without objection, appellant again waived his complaint. *Ethington v. State*, 819 S.W.2d 854, 858-59 (Tex. Crim. App. 1991) (stating that a defendant must object each time evidence on a particular subject matter is offered unless he makes a running or continuing objection or moves the court outside the presence of the jury to consider the admissibility of *all* evidence on a particular subject matter); *Russell v. State*, 904 S.W.2d 191, 196-97 (Tex. App.–Amarillo 1995, pet. ref'd) (stating that a party must continue to object each time the purportedly inadmissible evidence is offered to preserve error).

Accordingly, we affirm the judgment of the trial court.


Per Curiam

3

Do not publish.