NUMBER 13-03-761-CR

 

                                 COURT
OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS CHRISTI - EDINBURG

 



 

ROCKY HERNANDEZ,                                                                      Appellant,

 

                                                             v.

 

THE STATE OF TEXAS,                                                                    Appellee.

 



 

                              On
appeal from the 24th District Court

                                        of
Victoria
County, Texas.

 



 

                              MEMORANDUM
OPINION[1]

 

                       Before
Justices Rodriguez, Castillo and Garza

                           Memorandum
Opinion by Justice Castillo

 








A jury convicted appellant Rocky Hernandez of
murder.[2]  The jury assessed punishment at a term of
fifty-five years in the Institutional Division of the Texas Department of
Criminal Justice.  By three issues,
Hernandez asserts that the trial court abused its discretion by (1) denying the
jury's request during deliberations to review testimony, (2) admitting gang
evidence, and (3) denying his motion to sever. 
We affirm.

I.  Background

An eyewitness testified that Hernandez and his
brother shot and killed Martin Martinez. 
Martinez
died of five gunshot wounds.  The
brothers were tried together.

II.  Jury
Request to Review Testimony

In his first issue, Hernandez argues that the trial
court abused its discretion by refusing to have testimony read to the jury
during its deliberations upon a legitimate request.  Hernandez asserts the trial court violated
article 36.28 of the Texas Code of Criminal Procedure by responding with a
"canned" answer denying the request. 
See Tex. Code Crim. Proc.
Ann. art. 36.28 (Vernon
1981).








In response to the jury request for "all
evidence," the trial court caused to be delivered various photographs,
exhibits, and cassette tapes admitted in evidence, along with a cassette tape
player as the jury requested.  In
response to the second jury request for the transcript of a witness=s statement "about silver car driver being
located & talked to," the trial court responded:

In response to your request, you are instructed that
the law does not permit the jury receiving a transcript of a witness= testimony nor a general re-reading of the testimony
of any witness.  If you disagree as to a
statement of a witness, you must indicate the particular point in dispute
before you can have read to you from the court reporter=s notes only on that part of such witness testimony
on the particular point in dispute.

 

Trial counsel did not object to either trial court
action.  

We review a trial court's ruling on a jury's request
to review testimony under an abuse of discretion standard of review.  See Jones v. State, 706 S.W.2d 664,
667 (Tex. Crim. App. 1986) (en banc).  An
abuse of discretion exists when the trial court's ruling is outside the zone of
reasonable disagreement regarding the law applicable to an issue.  See Montgomery v. State, 810
S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh'g) (en banc).  When the jury asks that certain testimony be
re‑read, the trial court must determine if the request is proper and
adequate under article 36.28.  Brown
v. State, 870 S.W.2d 53, 55 (Tex. Crim. App. 1994) (en banc); Robison v.
State, 888 S.W.2d 473, 480 (Tex. Crim. App. 1994) (en banc).  The trial court is constrained by article
36.28 and cannot provide witness testimony until the jury's request meets the
requirements of article 36.28.  See
Brown, 870 S.W.2d at 55.  If
the jury requests the reading of certain testimony without more, it is proper
for the court to instruct the jurors that it cannot comply with their request
unless the jurors state they are in disagreement about a witness's statement or
a particular point of testimony, and then only this testimony and no other can
be read to them.  Jones, 706
S.W.2d at 667. 








We conclude that the trial court properly responded
to the first request.  See Tex. Code Crim. Proc. Ann. art. 36.25 (Vernon 1981).  The jurors' second request did not state
there was an actual dispute among the jurors. 
Tex. Code Crim. Proc. Ann.
art 36.28 (Vernon
1981).  On this record, we cannot say
that the trial court abused its discretion by refusing to have the court
reporter read the transcription of the requested testimony.  Thus, even absent forfeiture of the
complaint, the issue is not supported in the record.  We overrule the first issue presented.  

III.  Evidence
of Gang Affiliation

In his second issue, Hernandez argues that the trial
court abused its discretion by admitting evidence of gang affiliation.[3]  Hernandez points to the testimony provided by
his sister about gangs, gang tattoos, and Hernandez's affiliation with a
gang.  His sister testified, without
objection, that Hernandez has a "gang name" tattoo on his
stomach.  Hernandez additionally points
to a police officer's testimony about gangs. 
The police officer also testified without objection:[4]

Q:  Is there a
street gang that you are familiar with in this area, this being the South
Cameron and South Street
area?

 

A:  Yes.

 

Q:  What=s the name of the street gang?

 

A:  [Gang
name]. . . .








 

Q:  In the
street gangs, do they fight with other street gangs?

 

A: 
Occasionally, yes.

 

Hernandez asserts that the trial court sustained
defense objections to the testimony. 
However, the record does not support this argument.  The record shows that the trial court sustained
some objections to gang evidence, but that other gang evidence was admitted
without objection.  

Under Texas
law, "if, on appeal, a defendant claims the trial judge erred in admitting
evidence offered by the State, this error must have been preserved by a proper
objection and a ruling on that objection." 
Martinez v. State, 98
S.W.3d 189, 193 (Tex.
Crim. App. 2003).  A proper objection is
one that is specific and timely.  Id. 
"Further, with two exceptions, the law in Texas requires a party to continue to object
each time inadmissible evidence is offered."  Id.  The two exceptions
require counsel to either (1) obtain a running objection, or (2) request a
hearing outside the presence of the jury.  Id.  In this case,
Hernandez did not continue to object to all of the gang related evidence and
did not obtain a running objection.  A
hearing outside the presence of the jury occurred after evidence of gang
affiliation was adduced.  Thus, Hernandez
forfeited his complaint on appeal.[5]  We overrule the second issue presented.

 








IV. Severance 

In his third issue, Hernandez argues that the trial
court erred by refusing to grant his motion to sever his trial from that of his
brother, a co-defendant.  Hernandez
generally asserts that the co-defendant's defense was that Hernandez was the shooter.  Hernandez further asserts that he was harmed
on grounds of antagonistic defenses.  

Article 36.09 of the code of criminal procedure
mandates that the court order a severance upon a timely motion and upon
introduction of evidence which establishes either (1) that there is a previous
admissible conviction against one defendant, or (2) that a joint trial would be
prejudicial to any defendant.  Tex. Code Crim. Proc. Ann. art. 36.09 (Vernon 1981); Aguilar
v. State, 26 S.W.3d 901, 903 (Tex. Crim. App. 2000) (en banc).  A motion to sever on the grounds of unfair
prejudice under article 36.09 is "timely" if made at the first
opportunity or as soon as the grounds for prejudice become or should have
become apparent, thus providing the trial court an opportunity to rule on the
potentially prejudicial evidence at the time it is introduced.  Aguilar, 26 S.W.3d at 910.

Hernandez filed a pretrial motion to sever asserting
as grounds that (1) his brother's misconduct during a pretrial hearing, if
similar at trial, would harm him in the presence of the jury; and (2) Hernandez
intended to testify and would comment about his brother/co-defendant<s failure to testify.  Hernandez did not testify.  Even so, an eyewitness testified that both
brothers pursued and each shot Martinez.  








On this record, we conclude that Hernandez did not
object as soon as the grounds for the claimed prejudice which he now brings on
appeal, antagonistic defenses, became or should have become apparent.  See Aguilar, 26 S.W.3d at
903.  Thus, he did not provide the trial
court the opportunity "to rule on the potentially prejudicial evidence at
the time it was introduced."  Id.  Accordingly,
Hernandez forfeited his complaint on appeal. 
Id.; see also Tex. R. App. P. 
33.1.  We overrule the third issue
presented.

V.  Conclusion

We have reviewed the record.  We find no reversible error.  We affirm the trial court judgment.

 

ERRLINDA CASTILLO

Justice

 

Do not publish.

Tex. R. App. P.
47.2(b).

 

Memorandum
Opinion delivered and filed

this
28th  day of July, 2005.

 











[1] See Tex.
R. App. P. 47.2, 47.4.  





[2] The indictment alleged that on or
about October 13, 2002, Hernandez caused the death of Martin Martinez.  A person commits murder if he causes the
death of an individual.  See Tex. Pen. Code Ann. '19.02 (Vernon 2003).  

 

1





[3] Gang membership evidence is
admissible if it is relevant to show a noncharacter purpose that in turn tends
to show the commission of the crime.  Tex. R. Evid. 402, 404(b); Ortiz v.
State, 93 S.W.3d 79, 94 (Tex. Crim. App. 2002) (en banc).  





[4] The police officer testified after
Hernandez=s sister testified.  





[5] Even assuming error was not
forfeited, it is well established that questions regarding the admission of
evidence are rendered moot if the same evidence is elsewhere introduced without
objection.  Any error in admitting
evidence over a proper objection is harmless if the same evidence is
subsequently admitted without objection. Chamberlain v. State, 998
S.W.2d 230, 235 (Tex. Crim. App. 1999) (en banc) (citing McFarland v. State,
845 S.W.2d 824, 840 (Tex. Crim. App. 1992) (en banc)).