NO. 12-04-00311-CR
                                                            NO. 12-04-00312-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
TONI TARONI STARK,                                    §                 APPEAL FROM THE 273RD
APPELLANT
 
V.                                                                         §                 JUDICIAL DISTRICT COURT OF

THE STATE OF TEXAS,
APPELLEE                                                        §                 SABINE COUNTY, TEXAS
DON ELRAY STARK,                                       §                 APPEAL FROM THE 273RD
APPELLANT
 
V.                                                                         §                 JUDICIAL DISTRICT COURT OF

THE STATE OF TEXAS,
APPELLEE                                                        §                 SABINE COUNTY, TEXAS
 
                                                                                                                                                            
MEMORANDUM OPINION
            Following a jury trial, Appellants Don Elray Stark and Toni Taroni Stark were convicted of
possession of a controlled substance and were each sentenced to 365 days of confinement, probated
for 365 days.


 In one issue, Appellants contend that the trial court erroneously admitted evidence
seized during a search of their home. We affirm.
 
Background
            On May 24, 2004, Appellants were indicted for possessing a controlled substance, namely
methamphetamine, in an amount of less than one gram. After pleading “not guilty” to the charge,
Appellants’ cases went to trial on September 7, 2004. At the trial, Captain Stacey Chambers, a
deputy sheriff with the Jasper County Sheriff’s Office, testified that on January 10, he took part in
a “drug raid” at Appellants’ house. During the raid, Chambers observed Lieutenant Joe Sterling, also
a deputy sheriff with the Jasper County Sheriff’s Office, place into individual packages 1) a coffee
filter with white residue, 2) a vial taken from the side of Toni’s bed, and 3) a brown vial taken from
the guest bedroom of Appellants’ house. Chambers also observed Sterling label each package with
a letter of the alphabet. Chambers then placed each of these items in one box and sent it to the DPS
crime lab for testing. He further stated that each of the three items tested positive for the presence
of methamphetamine. When the testing was complete, Chambers stated that Lieutenant Aaron
Tippet retrieved the box that contained the items from the crime lab in Houston. Photographs of
these items, taken during the seizure, were admitted into evidence without objection. The State then
attempted to admit the actual items into evidence; however, Appellants objected to their admission
on the basis that the proper chain of custody had not yet been proven. The trial court sustained the
objection.
            Dottie Collins, a criminalist with the Texas Department of Public Safety Crime Laboratory
in Houston, testified that the box containing the items was received on January 20 by Don Terbolla,
an analyst at the crime lab. Collins stated that she performed tests on the items and that they tested
positive for methamphetamine. After Collins analyzed the items, she placed each item in the box,
sealed the box, wrote her initials and the date on it, and placed the box in the vault at the crime lab. 
At trial, Collins identified her initials on the box as the ones she wrote after she concluded the tests,
placed the items in the box, and sealed it. She also stated that Tippet retrieved the items from the
crime lab. The State then moved to admit the items and Collins’s report, which detailed her findings. 
Appellants did not object to Collins’s report; however, they did object to the items on the basis that
the proper chain of custody had not been shown. The trial court overruled their objection and
admitted the items and the report.
            At the conclusion of the trial, Appellants were found guilty and were sentenced to 365 days
of confinement, probated for 365 days. Appellants challenge the guilty verdict in one issue.
 
Review of the Trial Court’s Ruling
            In their sole issue, Appellants contend that the trial court erred by admitting the items
containing methamphetamine because the proper chain of custody was never shown. Specifically,
they argue that the proper chain of custody of the items was broken because Sterling, the officer who
placed the items in the packages, never testified. The State maintains that 1) Appellants failed to
preserve any error on this issue and 2) the admission of the evidence was not in error. We agree.
            In order to properly preserve error, the record must show that a timely request, objection, or
motion was made to the trial court and that the trial court ruled on the request, objection, or motion. 
Tex. R. App. P. 33.1. The court of criminal appeals has repeatedly held that an objection to evidence
is not timely if it is made after the evidence is admitted without objection or after testimony regarding
the evidence is allowed without objection. See Aguilar v. State, 26 S.W.3d 901, 905-06 (Tex. Crim.
App. 2000). Therefore, the proper objection must be made as soon as the grounds of objection
become apparent. Id. 
            In the instant case, Appellants have waived any argument about the admission of the items
because they did not object when 1) Chambers discussed finding the methamphetamine in Appellants’
house, 2) Collins testified about discovering the presence of methamphetamine on the items, and 3)
the photographs of the items containing the methamphetamine were admitted.
            Even if Appellants had not waived the alleged error, their argument regarding the chain of
custody of the items would still fail. Courts have continuously held that a chain of custody is
conclusively proven if an officer is able to identify that he or she seized the item of physical evidence,
put an identification mark on it, placed it in the property room, and then retrieved the item for trial. 
Simmons v. State, 944 S.W.2d 11, 12 (Tex. App.–Tyler 1997, pet. ref’d). Absent evidence of
tampering, an objection that the State has failed to establish a proper chain of custody goes to the
weight of the evidence rather than to its admissibility. Id. 
            The Texas Rules of Evidence do not specifically address the chain of custody issue; however,
they do provide that the authentication or identification of an item as a condition precedent to its
admissibility is satisfied if the evidence is sufficient to support a finding that the matter in question
is what its proponent claims. Tex. R. Evid. 901(a). Thus, in instances in which proof of chain of
custody is necessary, the State must adduce such proof to establish that the evidence is what the State
says it is. Simmons, 944 S.W.2d at 12-13. 
            In Appellants’ cases, the State established the identity of the items containing
methamphetamine that were seized at their residence. Chambers stated that he 1) observed Sterling
package each item individually and mark each package, 2) was the person who sent the package
containing each item to the DPS crime lab, and 3) identified the labeling Sterling put on each item
when they were seized. Collins testified that she 1) received the items, 2) tested them, 3) placed them
back in the package they were sent in, 4) initialed and dated the package, and 5) placed the package
in a vault at the crime lab. Both Chambers and Collins testified that Tippet was the person who
retrieved the package from the crime lab in order to present it and its contents at trial. Therefore, the
evidence established that the items containing methamphetamine were what the State claimed they
were, which was the contraband seized from Appellants’ residence. Appellants’ sole issue is
overruled.
 
Disposition
            The judgments of the trial court are affirmed.
 
 
 
                                                                                                    DIANE DEVASTO 
                                                                                                                 Justice
 
 
Opinion delivered August 24, 2005.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.
 
 
 
 
(DO NOT PUBLISH)