Affirmed and Memorandum Opinion filed January 12, 2006









Affirmed
and Memorandum Opinion filed January 12, 2006.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-05-00100-CR

____________

 

WILLIAM CHARLES
NOIL,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 228th
District Court

Harris County, Texas

Trial Court Cause No. 984,713

 



 

M E M O R A N D U M   O P I N I O N

Appellant entered a plea of not guilty to
the offense of delivery of less than one gram of cocaine.  He was convicted and the jury assessed
punishment at eighteen months in a state jail facility.  In four issues, appellant contends the trial
court erred in limiting his cross-examination of two police officers, and the
evidence is legally and factually insufficient to support his conviction.  We affirm.

 

 








Background

In April, 2004, in response to citizen
complaints, the Houston Police Department=s Narcotics
Division was conducting an undercover operation to arrest narcotics
dealers.  Officer Richard Salter, working
undercover, drove into a neighborhood in south Houston and saw a woman standing
outside a convenience store who appeared to be a prostitute.  When the woman approached Officer Salter=s vehicle, Salter
told her he was interested in purchasing cocaine.  Salter gave the woman twenty dollars and the
woman walked away from the car.  Salter
advised other officers via radio that he had given the woman twenty dollars for
cocaine.  

Officer Griff Maxwell, also working
undercover, saw Salter make contact with the woman.  After she walked away from Salter, Maxwell
saw her turn west and walk down the street. 
Maxwell testified that he knew she was walking toward a parking lot
where drug dealers gather, so he drove to that location to maintain
surveillance.  Maxwell saw the woman
approach appellant.  Appellant gave the
woman something, which she immediately put in her mouth.  As the woman began to walk back to Salter=s vehicle, Maxwell
advised him on the radio that she was returning.

When the woman returned to Salter=s vehicle, she sat
in the passenger seat and spit a rock of cocaine from her mouth and placed it
on the vehicle=s console. 
After the woman left his vehicle, Salter advised a uniformed officer to
arrest the individuals involved.  The
officers arrested appellant, but the woman drove away before she could be
apprehended.  

Confrontation
Clause

In issues one and four, appellant contends
the trial court erred in limiting his cross-examination of Officers Salter and
Maxwell.  Appellant contends the trial
court erred in sustaining the State=s objections to
his cross-examination of the officers and in asking his counsel not to repeat
questions.  Appellant, however, failed to
object to the trial court=s rulings or requests to move the
cross-examination to new topics.








The Confrontation Clause provides criminal
defendants with the right to physically face those who testify against them and
the right to conduct cross‑examination. 
Delaware v. Fensterer, 474 U.S. 15, 18B19, 106 S.Ct. 292,
294, 88 L.Ed.2d 15 (1985).  A[T]he
Confrontation Clause guarantees an opportunity for effective cross‑examination,
not cross‑examination that is effective in whatever way, and to whatever
extent, the defense might wish.@  Id.; 474 U.S. at 20, 106 S.Ct.
at 294.  To preserve error on
Confrontation Clause grounds, an objection must be made at trial as soon as the
basis for such objection becomes apparent. 
Wright v. State, 28 S.W.3d 526, 536 (Tex. Crim. App. 2000).  The purpose of requiring a timely and
specific objection at trial is to inform the trial court of the specific basis
of such objection and give the court the opportunity to rule on the objection
at the time the alleged error occurs.  Aguilar
v. State, 26 S.W.3d 901, 905B06 (Tex. Crim.
App. 2004).  In addition, to preserve for
review the issue of whether appellant=s cross‑examination
of a witness was unduly limited, appellant must show by bill of exceptions or
otherwise what questions he wished to raise and the responses he expected.  See Easterling v. State, 710 S.W.2d
569, 578 (Tex. Crim. App. 1986).  In this
case, appellant made no offer of proof or bill of exceptions showing the
testimony that he was attempting to elicit. 
Because appellant failed to advance his Confrontation Clause objection
at the time the trial court limited his cross-examination of the witnesses, his
complaint is not preserved for review. See Tex. R. App. P. 33.1(a). 
Appellant=s first and fourth issues are overruled.

Sufficiency of
the Evidence

In his second and third issues, appellant
contends the evidence is legally and factually insufficient to support his
conviction.  Appellant contends the
evidence is insufficient because Officer Maxwell did not see what appellant
gave to the woman, nor was appellant found in possession of money or drugs.








When conducting a legal sufficiency
review, we view all of the evidence in the light most favorable to the verdict
and determine whether a rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt.  See Jackson v. Virginia, 443 U.S. 307,
319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). 
The jury, as the trier of fact, is the sole judge of the credibility of
the witnesses and of the strength of the evidence.  Fuentes v. State, 991 S.W.2d 267, 271
(Tex. Crim. App. 1999).  When conducting
a factual sufficiency review, we view all of the evidence in a neutral light
and determine whether the jury was rationally justified in finding guilt beyond
a reasonable doubt.  See Zuniga v.
State, 144 S.W.3d 477, 484 (Tex. Crim. App. 2004).  There are two ways in which the evidence may
be factually insufficient:  (1) if the
evidence supporting the verdict, when considered by itself, is too weak to
support the finding of guilt beyond a reasonable doubt; and (2) weighing both
evidence supporting the verdict and evidence contrary to the verdict, the
contrary evidence is strong enough that the beyond-a-reasonable-doubt standard
could not have been met.  Id. at
484B85.  In conducting a factual sufficiency review we
must give appropriate deference to the jury=s findings, and we
may not substitute our judgment for that of the jury.  Id. at 482. 

A person commits the offense of delivery
of a controlled substance if he knowingly delivers or possesses with intent to
deliver a controlled substance.  Tex. Health & Safety Code Ann. ' 481.113 (Vernon
Supp. 2005).  In this case, the State
presented evidence that appellant gave the woman an item, which she immediately
put in her mouth.  The officers
maintained surveillance on the woman until she returned to Officer Salter=s vehicle.  After getting into Salter=s vehicle, the
woman spit cocaine from her mouth. 
Viewing the evidence in a light most favorable to the verdict, we find
the evidence was legally sufficient for a rational jury to determine that
appellant delivered the cocaine to the woman who, in turn, delivered it to
Officer Salter.  








Appellant did not present evidence in his
defense, but he points to evidence he considers exculpatory.  First, appellant states Officer Maxwell did
not see the item appellant gave to the woman. 
The officers testified, however, that they maintained surveillance on
the woman until she reached Salter=s vehicle.  At that time, she spit the cocaine from her
mouth.  There is no evidence that
appellant gave her something other than cocaine, or that she substituted
cocaine for the item appellant gave her before she reached Salter=s vehicle.  Appellant also contends the fact that the
officers did not find appellant in possession of the twenty dollars is evidence
that a drug transaction did not take place between him and the woman.  Officer Maxwell testified that in his
experience as a narcotics officer, suspects will often hide money immediately
before being arrested to avoid a connection to marked money.  Viewing the evidence in a neutral light, we
find the evidence was not so obviously weak as to undermine confidence in the
jury=s determination of
guilt beyond a reasonable doubt, or so greatly outweighed by contrary proof as
to indicate that the beyond-a-reasonable-doubt standard could not have been
met.  Therefore, the conviction is
supported by factually sufficient evidence. 
Appellant=s second and third issues are overruled.

The judgment of the trial court is
affirmed.

 

 

 

 

_____________________________

John S.
Anderson

Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed January 12, 2006.

Panel
consists of Chief Justice Hedges and Justices Yates and Anderson.

Do
Not Publish C Tex.
R. App. P. 47.2(b).