IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00216-CR

 

David Arden Sinclair,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 54th District
Court

McLennan County, Texas

Trial Court No. 2004-508
C

 



MEMORANDUM  Opinion



 

            Appellant David Sinclair was
charged by indictment with two counts of aggravated sexual assault of J., who
was age four at the time of the offenses.  One count alleged penetration by
Sinclair’s sexual organ; the other alleged penetration by his finger.  A jury
found Sinclair guilty on both counts and assessed punishment of 25 years (to
run consecutively) and a $5,000 fine for each count.  We will affirm.

            Sinclair’s sole issue
asserts that the trial court abused its discretion in admitting
extraneous-offense evidence of Sinclair’s sexual assault of J.’s younger
sister, L.  The alleged offenses occurred while Sinclair was temporarily living
in the home of J.’s family for about a month (J.’s mother is Sinclair’s
niece).  After the alleged offenses occurred, Sinclair left suddenly.  Both
girls developed urinary and vaginal problems, and when their mother sought
medical care, J. made an outcry against Sinclair.

            In opening statement, the
prosecutor suggested that both girls had been molested by Sinclair.  J., who
was seven at the time of trial, was the State’s first witness and gave the
following testimony pertinent to Sinclair’s issue:

Q.  I know it’s hard to talk about, but
can you try to explain to the jury what happened to you that was bad?  Did you
walk into a room in your house one day when somebody was hurting your little
sister?

A.  Yes.

Q.  Who was hurting her?

A.  Uncle David.

. . .

Q.  What was Uncle David doing to
[L.]?  Was Uncle David in your’s and [L.’s] room?

A.  Yes.

. . .

Q.  Was [L.] crying when you walked in
the room?

A.  Yes.

Q.  Why was she crying?

A.  Because she was scared of him.

. . .

Q.  Was he touching [L.]?

A.  Yes.

Q.  Do you know where he was touching
her?

A.  No.

Q.  Where was his hand?

A.  On her.

. . .

Q.  Did you try to help your little
sister?

A.  Yes.

Q.  What did you try to do?

A.  Stop him.

Q.  And [L.] was crying?

A.  Yes.

Q.  Would he stop when you tried to
stop him.

A.  No.

Q.  Did he touch you in a bad way?

A.  Yes.

. . .

Q.  What did he say when you tried to
grab [L.] away from him?

A.  “Stop.”

Q.  Did he grab you then?

A.  Yes.

. . .

Q.  How did it feel when Uncle David
was touching you?

A.  Nasty.

Q.  Did you cry?

A.  Yes.

Q.  Did it hurt?

A.  Yes.

. . .

Q.  Were there other times that Uncle
David hurt you that way?

A.  Yes.

Q.  And when he did, was [L.] there
with you?

A.  Yes.

Q.  And did you see Uncle David also
hurt [L.] that way?

A.  Yes.

Q.  When Uncle David - -

[DEFENSE COUNSEL]:  Judge, I’m going to
object to anything about [L.] because this is about [J.].  Anything about [L.]
would be extraneous.

[PROSECUTOR]:  Absolutely untrue, Your
Honor.  This is all contextual, and I’ve got a stack of cases for you if we
need to have a hearing.  It’s all contextual.  They were together every time.

            THE COURT:  Overruled.

. . .

Q.   
. . . Did you ever
see him do that to [L.]?

[DEFENSE COUNSEL]:  Judge, I would
object that that would be an extraneous offense not relevant to this particular
case.

            [PROSECUTOR]:  Again, Your
Honor, it’s all contextual.

            . . .

            THE COURT:  . . .  The
objection is overruled.

 

            L., who was six at the time
of trial, testified that she saw Sinclair without clothes on, that he “goosed”
her without her clothes on and it hurt, and that he did the same thing to J. 
L. partially explained that “goosing” involved Sinclair taking his clothes off
and putting his “middle part” in J. and “humping” her.  Three men who were in
jail with Sinclair testified that he admitted to sexually assaulting J.  One testified
generally that Sinclair told him what he had done with L. and later, without
objection, that Sinclair said he had used his fingers on L.  All three gave
general testimony without objection indicating that Sinclair admitted having sexually
assaulted both girls.

Sinclair’s issue alleges that the trial
court abused its discretion in admitting evidence relating to Sinclair’s
alleged sexual assault of L.  The State argues that Sinclair has not preserved
this issue for appeal because his trial counsel did not timely object.

            To preserve a complaint for
appellate review, the complaining party must make a timely and specific
objection.  Tex. R. Evid. 103(a)(1); Tex. R.
App. P. 33.1(a); Valle v. State, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003).  Generally,
a party must object each time that allegedly inadmissible evidence is offered
or obtain a running objection.  Valle, 109 S.W.3d at 509; Ethington v. State, 819 S.W.2d 854, 858 (Tex. Crim. App.
1991).  An objection should be made as soon as the ground for objection becomes
apparent.  Dinkins v. State, 894 S.W.2d 330, 355 (Tex. Crim. App.
1985).  “It is fundamental that a specific objection to inadmissible evidence
be urged at the first opportunity in order to be considered timely.  The proper
objection must be made as soon as the grounds of objection become apparent.”  Aguilar
v. State, 26 S.W.3d 901, 905-06 (Tex. Crim. App. 2000) (citations
omitted).  Also, any error in admitting evidence is cured where the same
evidence comes in elsewhere without objection.  See Etheridge v. State,
903 S.W.2d 1, 14 (Tex. Crim. App. 1994).

            In this case, the
prosecutor’s opening statement indicated that Sinclair had sexually assaulted
both girls.  J. testified several times without objection that Sinclair had
touched and hurt L. and that he had hurt L. the same way.  Sinclair’s trial
counsel’s objection was not timely.  Moreover, the same or similar evidence
came in elsewhere without objection through L. and the three inmates. 
Sinclair’s complaint on the alleged extraneous-offense evidence was not
preserved for appellate review.

We overrule Sinclair’s sole issue and affirm
the trial court’s judgment.

 

BILL VANCE

Justice

 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

Affirmed

Opinion
delivered and filed May 17, 2006

Do
not publish

[CRPM]