Opinion issued March 1, 2007





 














In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00217-CR

NO. 01-06-00218-CR

NO. 01-06-00219-CR

____________


SHEDRICK JERMANE WHITE, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 185th District Court

Harris County, Texas

Trial Court Cause Nos. 1033107, 1033108, & 1033109






MEMORANDUM OPINION

 After a joint trial with co-defendant, Ronald J. Hamilton, a jury found
appellant, Shedrick Jermane White, guilty of the offenses of aggravated assault on a
public servant, (1) unlawful possession of a firearm by a felon, (2) and aggravated robbery. (3) 
Appellant pleaded true to the allegations in two enhancement paragraphs that he had
two previous felony convictions, and the jury assessed his punishment at confinement
for 55 years in the aggravated assault on a public servant case, 20 years in the
unlawful possession of a firearm by a felon case, and 60 years in the aggravated
robbery case. In his sole issue, appellant contends that the trial court abused its
discretion in "denying appellant's reurged motion to sever his trial from co-defendant
Ronald James Hamilton, who pled guilty before the jury, while appellant pled not
guilty before the same jury."

 We affirm.

Factual and Procedural Background

 A Harris County Grand Jury issued true bills of indictment, accusing appellant
and his co-defendant, Ronald J. Hamilton, of the offenses of aggravated assault on
a public servant, unlawful possession of a firearm by a felon, and aggravated robbery. 
On February 15, 2006, appellant filed a pre-trial motion to sever his three cases from
Hamilton's three cases, arguing that a joint trial would be prejudicial to appellant
because (1) Hamilton made statements incriminating appellant, and if those
statements were admitted into evidence and Hamilton did not testify, appellant's
rights guaranteed by the Sixth and Fourteenth Amendments to the United States
Constitution, (4) article I, section 10 of the Texas Constitution, (5) and article 1.05 of the
Texas Code of Criminal Procedure (6) would be denied; (2) appellant and Hamilton had
antagonistic defenses; and (3) the quantity of evidence against Hamilton was grossly
disproportionate to that against appellant. It appears that the trial court denied
appellant's motion for severance sometime before trial. (7)

 At the beginning of the trial, Hamilton pleaded not guilty to the offense of
aggravated assault on a public servant, but guilty to the offenses of unlawful
possession of a firearm by a felon and aggravated robbery. Appellant then entered
a plea of not guilty as to all three offenses. After both defendants entered their pleas,
the State made its opening statement, appellant's counsel reserved his right to make
an opening statement, and then Hamilton's counsel gave an opening statement. The
State called two witnesses, and during its direct examination of the second witness,
the court adjourned for the remainder of the day. 

 On the following morning, prior to the presentation of any additional witnesses
and outside the presence of the jury, appellant re-urged his motion to sever. 
Appellant asserted that at the time the trial court denied his pre-trial motion to sever,
and not until Hamilton entered his pleas, neither appellant nor the trial court had any
reason to believe that he would enter two pleas of guilty before the jury. In light of
Hamilton's guilty pleas, appellant re-urged his motion and asked the trial court to
reconsider its previous ruling on the ground that Hamilton's pleas of guilty in two of
the three cases would be prejudicial to appellant. He asserted that "[t]he amount of
the evidence obviously with the guilty plea against Mr. Hamilton is grossly
disproportionate to that against [appellant]." The trial court denied appellant's
motion.

Waiver

 In his sole issue, appellant argues that the trial court abused its discretion and
"violated [his] right to a fair trial by denying [his] reurged motion to sever his trial
from co-defendant Ronald James Hamilton, who pled guilty before the jury, while
appellant pled not guilty before the same jury."

 A trial court must order a severance upon a timely motion and upon
introduction of evidence which establishes either (1) that there is a previous
admissible conviction against one defendant or (2) that a joint trial would be
prejudicial to any defendant. Tex. Code Crim. Proc. Ann. art. 36.09 (Vernon 1981);
Aguilar v. State, 26 S.W.3d 901, 903 (Tex. Crim. App. 2000). Specifically, article
36.09 provides that,

Two or more defendants who are jointly or separately indicted or
complained against for the same offense or any offense growing out of
the same transaction may be, in the discretion of the court, tried jointly
or separately as to one or more defendants; provided that in any event
either defendant may testify for the other or on behalf of the state; and
provided further, that in cases in which, upon timely motion to sever,
and evidence introduced thereon, it is made known to the court that
there is a previous admissible conviction against one defendant or that
a joint trial would be prejudicial to any defendant, the court shall order
a severance as to the defendant whose joint trial would prejudice the
other defendant or defendants.


Tex. Code Crim. Proc. Ann. art. 36.09 (emphasis added). 

 The purpose of filing a motion to sever is to alert the trial court to potentially
prejudicial evidence and to allow the court an opportunity to rule on the motion as the
prejudicial evidence becomes apparent. Aguilar, 26 S.W.3d at 906. A motion to
sever on the grounds of unfair prejudice under article 36.09 is "timely" if made at the
first opportunity or as soon as the grounds for prejudice become apparent or should
have become apparent, thus providing the trial court an opportunity to rule on the
potentially prejudicial evidence at the time it is introduced. Id. at 910. Implicit in the
requirement that the motion be timely is a requirement that the underlying grounds
be alleged in a timely fashion as well. Qualley v. State, 206 S.W.3d 624, 638 (Tex.
Crim. App. 2006). A new ground is in essence a new motion, and its timeliness
should be viewed accordingly. Id.

 Here, at the very latest, appellant became aware that Hamilton was going to
plead guilty to two of the three charged offenses at the time he entered his pleas. 
However, appellant did not present to the trial court his motion to sever on this new
ground until the following morning. In the interim, the State and Hamilton had made
their opening statements and the State had presented the testimony of two witnesses. 
Thus, appellant's motion was not made at the first opportunity or as soon as the
ground for prejudice became, or should have become, apparent. Accordingly, we
hold that appellant's motion was not timely and nothing is preserved for our review.

 We overrule appellant's sole issue.


Conclusion

 We affirm the judgments of the trial court.



 Terry Jennings

 Justice


Panel consists of Chief Justice Radack and Justices Jennings and Bland.


Do not publish. Tex. R. App. P. 47.2(b). 
1. See Tex. Pen. Code Ann. §§ 22.01(a)(2), 22.02(a)(2), 22.02(b)(2)(B) (Vernon Supp.
2006). Appellate Cause Number 01-06-00217-CR; Trial Court Cause Number
1033107.
2. See id. § 46.04(a) (Vernon Supp. 2006). Appellate Cause Number 01-06-00218-CR;
Trial Court Cause Number 1033108. 
3. See id. § 29.03(a) (Vernon 2003). Appellate Cause Number 01-06-00219-CR; Trial
Court Cause Number 1033109. 
4. See U.S. Const. amends. VI, XIV; see also Bruton v. United States, 391 U.S. 123,
135-36, 88 S. Ct. 1620, 1627-28 (1968).
5. See Tex. Const. art. I, § 10.
6. See Tex. Code Crim. Proc. Ann. art. 1.05 (Vernon 2005).
7. The record contains no transcription of a ruling on this motion, but during trial a
reference was made to the trial court's previous denial of appellant's pre-trial motion
to sever.