**Maurice Richard GRAY, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. C14–91–00816–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

April 22, 1993.

Connie Brown Williams, Houston, for appellant.

Timothy G. Taft, Houston, for appellee.

Before ROBERTSON, CANNON and BOWERS, JJ.

### OPINION

ROBERTSON, Justice.

Appellant entered a plea of not guilty before the court to the offense of possession of a controlled substance, marihuana, in an amount more than four ounces and less than five pounds. TEX. HEALTH & SAFETY CODE ANN. § 481.121(b)(3) (Vernon 1992). He was convicted, and the court assessed punishment at confinement for seven years in the Texas Department of Criminal Justice, Institutional Division and a fine of $3,000.00. We affirm.

Appellant raises a single point of error, alleging that the denial of his motion to suppress by the trial court allowed into evidence "fruits" seized as a result of an illegal stop and an illegal arrest. Appellant contends that his rights stemming from the Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution and Article 1, Section 9 of the Texas Constitution were violated.

Before appellant's point of error is addressed, appellee's procedural contentions will be discussed. Appellee contends that appellant failed to comply with TEX. R.APP.P. 53(a) and (d) by filing a partial statement of facts without specifying which points are to be relied upon. Therefore, the state argues that this defect precludes appellate review.

As pointed out in appellee's brief, because appellant failed to comply with TEX.R.APP.P. 53(d), this court should presume that the omitted portions of the statement of facts support the trial court's judgment. *See Greenwood v. State,* 823 S.W.2d 660 (Tex.Crim.App.1992); *Schaum v. State,* 833 S.W.2d 644, 648 (Tex.App.—Dallas 1992, no pet.) The state notes the possibility that appellant pleaded guilty at the sentencing phase of the proceedings. An admission of guilt by appellant would

waive any error that might have occurred during the guilt stage of the trial. *DeGarmo v. State,* 691 S.W.2d 657, 661 (Tex.Crim.App.1985). It was appellant's responsibility to put in the record all phases of the proceedings, and present the entire statement of facts. By his failure to do so, he does not benefit from the presumption that nothing omitted from the record is relevant to any of the points specified or to the disposition of the appeal. *See* Tex.R.App.P. 53(d).

■ A review of the record reveals that appellant has brought forward only a partial statement of facts. Appellant has the "duty to protect the record and preserve error in order ..." to complain on appeal that his motion to suppress should have been granted. *Deutser v. State,* 659 S.W.2d 39, 40 (Tex.App.—Houston [14th Dist.] 1983, no pet.); Tex.R.App.P. 50(d), 53(k). The rules do provide for a limited appeal in which the appellant may properly bring forward a partial statement of facts. Tex.R.App.P. 53(d). *See Greenwood v. State,* 802 S.W.2d 10 (Tex.App.—Houston [14th Dist.] 1990), *aff'd,* 823 S.W.2d 660 (Tex.Crim.App.1992). There is nothing in the record of this case to indicate that appellant invoked rule 53(d).

■ Since this is not a proper limited appeal, the lack of a complete record prevents this court from determining if the trial court erred in overruling appellant's motion to suppress. *See Callahan v. State,* 814 S.W.2d 420 (Tex.App.—Houston [14th Dist.] 1991, pet. ref'd). Appellant's failure to comply with rule 53(d) makes a partial statement of facts insufficient to preserve the complained of error. We overrule appellant's first point of error.

Accordingly, we affirm the judgment of the trial court.