**Charles Lee BURKS, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–94–121–CR.**

Court of Appeals of Texas,
Fort Worth.

Aug. 3, 1995.

Charles H. Roach, Fort Worth, for appellant.

Tim Curry, Crim. Dist. Atty., Betty Marshall, Charles M. Mallin, Asst. Chiefs of the Appellate Section, and Sylvia Mandel and Bill Durkin, Assistants, Fort Worth, for appellee.

Before CAYCE, C.J., and DAY and BRIGHAM, JJ.

## OPINION

CAYCE, Chief Justice.

Appellant Charles Lee Burks was convicted of aggravated possession of a controlled substance after entering an open plea of guilty. He was sentenced to eight years in prison and fined $5.00. In his sole point of error, Burks contends that there is insufficient evidence to support the trial judge's finding that Burks used or exhibited a deadly weapon during the commission of the offense. We overrule the point of error and affirm the judgment below.

On August 22, 1991, Burks was charged by indictment with having possessed a controlled substance, namely cocaine, in an amount of over 28, but less than 400 grams. In January of 1994, Burks waived arraignment and signed a waiver of jury trial in open court. He then entered a plea of guilty. The court heard evidence in support of the guilty plea and found Burks guilty.

During the hearing on punishment, the arresting officer, David John Scott, testified to the events surrounding Burks's arrest. Officer Scott stated that he originally stopped Burks for speeding. As he looked into the passenger window of Burks's car, Officer Scott said that he could see shells which were later determined to be .380 shells. The shells were in plain view in between the passenger and driver seat. Officer Scott said that he then looked underneath the driver's seat and discovered a fully loaded, ready to fire, semi-automatic handgun. When Officer Scott recovered the weapon, Burks spontaneously stated that the weapon was his. It is undisputed that Burks did not point or aim the weapon at Officer Scott.

The trial judge took judicial notice of the fact that the amount of controlled substance found in Burks's possession reflected that it was to be used for purposes other than individual use. In addition, the judge found that the weapon facilitated the commission of the offense and granted Burks the right to appeal "in regard to the deadly weapon finding."

In his sole point of error, Burks contends that the evidence is insufficient to support the judge's deadly weapon finding. We overrule the point of error because Burks has failed to present a sufficient record showing harmful error.

Burks filed a partial statement of facts containing evidence offered at the punishment hearing only; he did not file a statement of facts of the evidence offered at the hearing on his guilty plea. Nor did Burks file a request for a partial statement of facts containing "a statement of the points to be relied on" as required by TEX.R.APP.P. 53(d).

It is well-settled that the appellant bears the burden of providing the appellate court with a record sufficient to show error

requiring reversal. Tex.R.App.P. 50(d); *O'Neal v. State,* 826 S.W.2d 172, 173 (Tex. Crim.App.1992). This burden is met with a partial statement of facts only where the requirements of TEX.R.APP.P. 53(d) are met. This rule provides as follows:

> **(d) Partial Statement.** If appellant requests or prepares a partial statement of facts, he shall include in his request or proposal a statement of the points to be relied on and shall thereafter be limited to such points. If such statement is filed, there shall be a presumption on appeal that nothing omitted from the record is relevant to any of the points specified or to the disposition of the appeal. Any other party may designate additional portions of the evidence to be included in the statement of facts.

*Id.*

 The procedural requirements of this rule are mandatory. When the procedures are used, the appellate court must presume that "nothing omitted from the record is relevant to any of the points specified or to the disposition of the appeal." *Id.; see Greenwood v. State,* 802 S.W.2d 10, 11 (Tex. App.—Houston [14th Dist.] 1990), *aff'd,* 823 S.W.2d 660 (Tex.Crim.App.1992). On the other hand, the failure to comply with the strict requirements of Rule 53 results in the opposite presumption that the omitted portions of the record support the conviction and the appellate court will be precluded from considering whether or not sufficient evidence exists to support the judgment. *Skinner v. State,* 837 S.W.2d 633, 635 (Tex.Crim. App.1992); *Abushaabam v. State,* 859 S.W.2d 592, 593 (Tex.App.—Houston [14th Dist.] 1993, pet. ref'd); *Gray v. State,* 853 S.W.2d 782, 783 (Tex.App.—Houston [14th Dist.] 1993, pet. ref'd). The exception is where there is evidence in the appellate record showing that the judgment was, in fact, rendered on the basis of evidence not included in the partial statement. *See Candelier v. Ringstaff,* 786 S.W.2d 41, 44 (Tex.App.— Beaumont 1990, writ denied).

The statement of facts of the punishment hearing constitutes only a partial statement of facts of the proceedings below. However, Burks failed to comply with the procedural requirements of Rule 53(d) by filing a written request for a partial statement containing the points to be relied on in this appeal. Consequently, Burks is not entitled the presumption that the missing portions of the record are irrelevant to the disposition of the appeal. Rather, we must presume the omitted portions support the judgment.

Burks's point of error is overruled and the trial court's judgment is affirmed.