COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-424-CR
 
  
JOHN 
ROSS EWING                                                               APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
 
------------
 
FROM 
CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY
 
------------
 
OPINION
 
------------
        Appellant 
John Ross Ewing, a former Haltom City police officer, was convicted by a jury of 
three counts of sexually assaulting a sixteen-year-old boy whom he had met 
through the Haltom City Police Department’s Explorers program, in which Haltom 
City police officers serve as advisors to high school students interested in 
learning about law enforcement. On appeal, Appellant contends that the trial 
court erred by foreclosing voir dire questioning regarding Appellant’s 
homosexuality, by admitting evidence of extraneous acts without proper notice, 
by overruling objections to the State’s sentencing argument, and by imposing 
consecutive, rather than concurrent, suspended sentences on the second and third 
counts. We will reverse and remand only the portion of the judgment imposing 
consecutive suspended sentences; in all other respects, we will affirm.
I. Trial 
Court’s Limitation of Voir Dire
        During 
voir dire, Appellant’s attorney attempted to question a prospective juror on 
his views regarding Appellant’s homosexuality in the following exchange:
  
[Appellant’s Attorney]: Would you be more apt, even if the State put evidence 
up here that was almost there, but not quite, would you be less inclined to give 
[Appellant] the benefit of the doubt because [of] his lifestyle?
 
[The 
State]: Your Honor, I’m going to object. He is attempting to bind the jury and 
–
 
THE 
COURT: Sustained.
 
[Appellant’s 
Attorney]: Would you be, in any case involving an alleged homosexual or 
homosexual, would you be more inclined or less inclined to believe they were 
guilty of an offense?
 
[The 
State]: Objection, binding, Your Honor.
 
THE 
COURT: Sustained.

        The 
trial court has broad discretion over the process of selecting a jury, and it 
abuses its discretion only when it prohibits a question about a proper area of 
inquiry. Barajas v. State, 93 S.W.3d 36, 38 (Tex. Crim. App. 2002); Harris 
v. State, 122 S.W.3d 871, 878 (Tex. App.—Fort Worth 2003, pet. ref’d). 
Generally, a question is improper if it attempts to commit a prospective juror 
to a particular verdict based on particular facts. Standefer v. State, 59 
S.W.3d 177, 179 (Tex. Crim. App. 2001). Such “commitment questions” ask 
prospective jurors to resolve, or to refrain from resolving, an issue in the 
case a certain way after learning a particular fact. Id. at 179-80.[1]
        Not 
all commitment questions are improper, however.  A commitment question is 
permissible when it is designed to elicit an answer that could give rise to a 
challenge for cause.  Id. at 182.  For example, when the law 
requires a certain type of commitment from jurors, the attorney may pose a 
commitment question that asks the prospective jurors whether they can follow the 
law in that regard.  Id. at 181. Appellant contends that his 
questions were proper because they asked the prospective juror whether he could 
follow the law regarding the burden of proof in the case of a homosexual 
defendant.
        As 
the trial judge explained to the venire panel, the law requires the State to 
prove beyond a reasonable doubt that a defendant is guilty of an offense. See 
Jones v. U.S., 526 U.S. 227, 232, 119 S. Ct. 1215, 1219 (1999); Weaver v. 
State, 87 S.W.3d 557, 560 (Tex. Crim. App. 2002), cert. denied, 538 
U.S. 911 (2003); Tex. Code Crim. Proc. 
Ann. art. 38.03 (Vernon Supp. 2004-05).  However, Appellant’s 
questions were not calculated to elicit a commitment from the juror regarding 
following the law on the burden of proof. A question that gets a juror to admit 
that he or she may be “less inclined” to lean the defendant’s way is not 
the same as a question that gets the juror to admit that he or she would not 
require the State to prove its case beyond a reasonable doubt. Instead, it seeks 
imprecise, vague information that reveals nothing about the juror’s views on 
the burden-of-proof issue in the case. Accordingly, because “[t]he trial court 
is within its discretion to prevent fishing expeditions during voir dire that 
may extend jury selection ad infinitum,” Barajas, 93 S.W.3d at 
42, the trial court did not abuse its discretion in refusing Appellant’s 
commitment questions that would not have revealed any useful information in 
formulating a challenge for cause. See id; Standefer, 59 S.W.3d at 
183. We overrule Appellant’s first issue.
II. Trial 
Court’s Admission of Extraneous Bad Acts
        Appellant 
next complains that the trial court erred in allowing a State’s witness to 
testify about extraneous bad acts committed by Appellant because the State 
provided insufficient notice of its intent to offer this testimony as required 
by article 37.07 of the Code of Criminal Procedure. This notice requirement is 
triggered upon a request to the State by the defendant:
  
On timely request of the defendant, notice of intent to introduce evidence under 
this article [of extraneous crimes or bad acts] shall be given in the same 
manner required by Rule 404(b), Texas Rules of Criminal Evidence.[2] . . . The requirement under this subsection that the 
attorney representing the state give notice applies only if the defendant makes 
a timely request to the attorney representing the state for the notice.
 
Tex. Code Crim. Proc. Ann. art. 37.07, 
§ 3(g) (Vernon Supp. 2004-05).
        Appellant 
concedes that the record does not contain the request to the State required by 
article 37.07. Despite the absence of a request, the State filed a notice of 
intent to introduce extraneous-offense evidence and supplemented this notice on 
the day of trial. Appellant argues that the State’s notice and supplement show 
either that he did properly request notice from the State, even though the 
notice is not in the record, or that the State interpreted his discovery motion 
as including such a request.
        First, 
Appellant’s speculation about a possible notice outside the record cannot 
support his issue on appeal. See Burks v. State, 904 S.W.2d 208, 
209-10 (Tex. App.—Fort Worth 1995, no pet.) (“It is well-settled that the 
appellant bears the burden of providing the appellate court with a record 
sufficient to show error requiring reversal.”). Second, Appellant’s 
discovery motion was insufficient to trigger the State’s duty to provide 
notice. When the State called the witness to testify, Appellant objected and 
directed the trial court to a request in his motion for discovery asking the 
court to order the State to produce “[a]ll evidence in possession of, or 
within the knowledge of, the state or any of its agencies, including impeachment 
evidence, which is favorable to Defendant and material either to guilt or to 
punishment.”
        Initially, 
we note that this request does not ask for extraneous-offense evidence because 
such evidence is not “favorable to” Appellant. Furthermore, this motion was 
addressed to the trial court, not to the State, and Appellant did not secure a 
ruling from the court on this motion. Therefore, regardless of any 
interpretation the State may have assigned to Appellant’s discovery motion, 
the motion did not comply with the requirements of article 37.07. As a result, 
the State had no duty to provide notice of its intent to present evidence of 
extraneous crimes or bad acts. See Mitchell v. State, 982 S.W.2d 
425, 427 (Tex. Crim. App. 1998) (holding defendant’s motion requesting the 
court to order the State to provide notice of intent insufficient to trigger 
notice requirement of article 37.07); Tex. 
Code Crim. Proc. Ann. art. 37.07, § 3(g) (specifying that the 
defendant’s request must be made to “the attorney representing the 
state”); see also Simpson v. State, 991 S.W.2d 798, 801 (Tex. Crim. 
App. 1998) (holding defendant’s motion requesting the court to order the State 
to provide notice of intent to offer evidence of other crimes, wrongs, or acts 
insufficient to trigger notice requirement of Rule 404(b)). We overrule 
Appellant’s second issue.
III. Trial 
Court’s Overruling Objections to State’s Jury Argument
        In 
his third and fourth issues, Appellant challenges remarks made by the State 
during its arguments to the jury in the sentencing phase of trial. Appellant 
claims that these statements were unsupported by the evidence and were an 
attempt to present new, harmful facts to the jury. Upon reviewing the record, we 
conclude that even if the trial court erred in overruling Appellant’s 
objection to these statements, any error was harmless.
        Appellant 
first complains of the State’s comment that “Paul Bents [the victim] was not 
a single incident. It was not something that he just ended up as a victim of 
circumstance. This man is a predator. He sought out a profession that enabled 
him to gain the trust of children and abuse them.” Proper jury argument 
includes reasonable deductions drawn from the evidence presented at trial. Jackson 
v. State, 17 S.W.3d 664, 673 (Tex. Crim. App. 2000). While there was 
evidence that police officers hold a position of authority and trust in the 
community and with teenagers, that the tickets Appellant issued went 
predominantly to males between the ages of sixteen and twenty-five, and that 
Appellant made sexual advances toward other teenagers besides the victim in this 
case, there was no evidence that Appellant had inappropriate interest in or 
contact with children before he became a police officer or that Appellant’s 
motivation at the time he became a police officer was to prey on children.[3]  Accordingly, the State’s argument was not a 
reasonable deduction from the evidence and was not proper.
        However, 
the trial court’s erroneous overruling of Appellant’s objection to this 
argument is not reversible error unless it affected Appellant’s substantial 
rights. Tex. R. App. P. 44.2(b); Martinez 
v. State, 17 S.W.3d 677, 692-93 (Tex. Crim. App. 2000); Mosley v. State, 
983 S.W.2d 249, 259 (Tex. Crim. App. 1998) (op. on reh’g), cert. denied, 
526 U.S. 1070 (1999). In determining whether Appellant’s substantial rights 
were affected, we consider (1) the severity of the misconduct (i.e., the 
prejudicial effect of the prosecutor’s remarks), (2) curative measures, and 
(3) the certainty of the punishment assessed absent the misconduct. Martinez, 
17 S.W.3d at 692-93; Mosley, 983 S.W.2d at 259.
        While 
there were no measures taken to cure this remark, the degree of the State’s 
misconduct was mild in this instance. Appellant contends that this remark gave 
the jury the impression that the State was in possession of additional facts 
that convinced the State’s attorney that Appellant was a “conniving sexual 
predator and a devious liar.” However, the jury was instructed to consider 
only the evidence before it; the jury heard all the evidence presented at trial 
and was therefore in the position to recognize that no testimony was presented 
that supported the State’s argument. Moreover, there was evidence presented in 
the punishment phase of trial that Appellant sexually assaulted another teenage 
boy in addition to the victim and that he sought to have sex with two other 
teenagers. Given the strength of the evidence supporting Appellant’s sentence, 
we hold that any error associated with the State’s comment on Appellant’s 
motivation for becoming a police officer was harmless.
        Next, 
Appellant complains of the State’s comment that he was “a collector of 
boys’ IDs” and kept “a box of boys’ driver’s licenses in his 
apartment, or in his bag, wherever he liked to keep it.” Appellant contends 
that this statement directly contradicts his unrebutted testimony that he “did 
have a box full of driver’s licenses, but had a variety of people in there. It 
also had alien cards, fake IDs, female driver’s licenses.” However, counsel 
is allowed wide latitude in drawing inferences from the evidence so long as the 
inferences drawn are reasonable, fair, legitimate, and offered in good 
faith.  See Shannon v. State, 942 S.W.2d 591, 597 (Tex. Crim. App. 
1996).
        Appellant 
admitted that he had a “bad habit” of forgetting to return driver’s 
licenses to their owners after ticketing them, and he also admitted that Haltom 
High School was his “fishing hole” for writing tickets to high school 
students and that the recipients of his citations were predominantly males aged 
sixteen to twenty-five years old. Accordingly, it was a reasonable deduction 
from the evidence that because Appellant issued the majority of his citations to 
young males, then the majority of the IDs he kept after issuing the citations 
would be those of young males.  Therefore, the trial court did not err in 
overruling Appellant’s objection to this portion of the State’s closing 
argument.  Furthermore, for the reasons mentioned above, any possible error 
is outweighed by the strength of the evidence in favor of the punishment 
assessed. We overrule Appellant’s third and fourth issues.
V. Trial 
Court’s Cumulation of Suspended Sentences
        Finally, 
Appellant argues in his fifth issue that the trial court erred in imposing 
cumulative sentences. The jury returned a guilty verdict on all three charged 
counts of sexual assault of a child, assessed punishment at 20 years’ 
confinement on the first count and 10 years’ confinement for each of the 
second and third counts, and recommended suspension of the sentences for the 
second and third counts. The trial court’s judgment ordered the suspended 
sentences for the second and third counts to run consecutively, effectively 
imposing suspended sentences totaling twenty years.
        Appellant 
asserts that the trial court’s judgment violates article 42.08 of the Code of 
Criminal Procedure, which provides that when the court imposes consecutive 
sentences, “the cumulative total of suspended sentences in felony cases shall 
not exceed 10 years.” Tex. Code Crim. 
Proc. Ann. art. 42.08(a). The State concedes that the cumulative sentence 
violates article 42.08, but it argues that the judgment is nevertheless allowed 
by section 3.03 of the Penal Code, which authorizes the imposition of 
consecutive sentences for sexual assaults against juveniles but imposes no 
limitation on the cumulative years of suspended sentences. Tex. Penal Code Ann. § 3.03(b)(2)(A) 
(Vernon 2003).[4]
        However, 
these two statutes cannot be read independently of each other.[5]  
Instead, article 42.08 of the Code of Criminal Procedure establishes the trial 
court’s general authority to order consecutive sentences, and the overlay of 
section 3.03 of the Penal Code limits this authority when multiple offenses 
arising out of the same criminal episode are tried in a single criminal action 
(unless an exception in section 3.03(b) applies). See Ex parte Sims, 868 
S.W.2d 803, 804 (Tex. Crim. App. 1993), overruled on other grounds by Ex 
Parte McJunkins, 954 S.W.2d 39, 41 (Tex. Crim. App. 1999); LaPorte v. 
State, 840 S.W.2d 412, 415 (Tex. Crim. App. 1992); Tex. Code Crim. Proc. Ann. art. 42.08; Tex. Penal Code Ann. § 3.03. 
Accordingly, the trial court had no authority to order consecutive suspended 
sentences totaling twenty years because article 42.08 of the Code of Criminal 
Procedure prohibits imposing consecutive suspended sentences when the cumulative 
term of the suspended sentences exceeds ten years. See Tex. Code Crim. Proc. Ann. art. 
42.08(a). We sustain Appellant’s fifth issue.
VI. Conclusion
        Having 
sustained Appellant’s fifth issue only, we are urged by the State to reform 
the judgment and order the suspended sentences to run concurrently following 
Appellant’s completion of the twenty-year sentence from the first count. 
However, the trial court has discretion either to order the sentences on the 
second and third counts to begin when the twenty-year sentence has ceased to 
operate or to order the sentences all to run concurrently. See Tex. Code Crim. Proc. Ann. art. 
42.08(a). Accordingly, we reverse only that portion of the trial court’s 
judgment ordering the ten-year suspended sentences on counts two and three to be 
served consecutively and remand for rendition of judgment in compliance with 
article 42.08 of the Code of Criminal Procedure. In all other respects, we 
affirm the trial court’s judgment.
  
  
                                                                  BOB 
MCCOY
                                                                  JUSTICE
 
 
PANEL 
F:   HOLMAN, GARDNER, and MCCOY, JJ.
 
PUBLISH
 
DELIVERED: 
February 3, 2005

 
NOTES
1.  
Because the State does not appear to dispute Appellant’s claim that these voir 
dire questions were commitment questions, we assume, without deciding, that the 
questions requested the juror to decide an issue in the case a certain way and 
therefore qualified as “commitment questions.”  Cf. id. (stating 
that a question asking the jurors if they could be “fair and impartial” if 
the victim were a nun was not a commitment question because it did not ask the 
prospective jurors to resolve or refrain from resolving any issue).
2.  
Rule 404(b) provides that evidence of other crimes, wrongs, or acts may be 
admissible for purposes other than proving a person’s character “provided 
that upon timely request by the accused in a criminal case, reasonable notice is 
given in advance of trial of intent to introduce in the State’s case-in-chief 
such evidence other than that arising in the same transaction.”  Tex. R. Evid. 404(b).
3.  
The State also argues that the statement, “He sought out a profession that 
enabled him to gain the trust of children and abuse them,” is proper because 
it is literally true—Appellant did seek to be a police officer, and being a 
police officer placed him in a position of trust from which he had the 
opportunity to abuse children.  Read in context, however, this statement 
was clearly part of the State’s overall argument that Appellant was a 
“predator” whose actions were planned and calculated to abuse children.
4.  
The general rule imposed by section 3.03(a) is that sentences for offenses 
arising out of the same criminal episode prosecuted in a single criminal action 
must run concurrently.  Section 3.03(b) lists offenses that are exceptions 
to this general rule, including sexual assaults committed against a victim 
younger than seventeen years of age.  If one of these exceptions applies, 
the court may impose sentences to run concurrently or 
consecutively.  Tex. Penal Code Ann. 
§ 3.03.
5.  
As a rule of statutory interpretation, when two statutes cover the same general 
subject matter or share a similar purpose or object, we construe the statutes so 
as to harmonize any perceived conflict and give effect to all the provisions of 
each statute, if possible.  See Cheney v. State, 755 S.W.2d 123, 
126-27 (Tex. Crim. App. 1988).