**Johnny ZAVALA, Appellant**

**v.**

**The STATE of Texas, Appellee**

**NO. 14–15–00495–CR**

Court of Appeals of Texas, Houston (14th Dist.).

Opinion filed June 28, 2016

Jim Medley, Houston, TX, for Appellant.

Eric Kugler, Houston, TX, for State.

Panel consists of Justices Jamison, Donovan, and Brown.

## OPINION

John Donovan, Justice

A jury found appellant, Johnny Zavala, guilty of driving while intoxicated. The trial court assessed punishment at 180 days in county jail, probated for 15 months. In his sole appellate issue, appellant contends the trial court erred by permitting a State's witness to testify regarding the effects of alcohol on the body. We affirm.

The trial court held a hearing outside the jury's presence for the State to establish the witness was qualified as an expert regarding, *inter alia,* the effects of alcohol on the human body. After hearing evidence, the trial court ruled the witness was qualified. Appellant asserts that the wit-ness's opinion was then presented in front of the jury, and appellant challenges admission of such testimony.

However, appellant requested only a partial reporter's record—the record of the above-mentioned hearing—but did not satisfy the requirements for appealing with a partial reporter's record. *See* Tex. R.App. P. 34.6(c). An appellant who requests a partial reporter's record must include in the request a statement of the points or issues to be presented on appeal and will then be limited to those points or issues. *Id.* 34.6(c)(1). The other party may designate additional portions of the record to be included. *Id.* 34.6(c)(2). When the requirements of the rule are satisfied, we must presume the partial reporter's record designated by the parties constitutes the entire record for purposes of reviewing the stated points (except for a challenge to the sufficiency of the evidence to prove guilt in a criminal case, in which case the record must include all the evidence). *See id.* 34.6(c)(4), (5).

In this case, the record does not reflect that appellant filed a statement of points or issues to be presented on appeal. Thus, as the State argues, we must presume the omitted portions of the reporter's record are relevant and support the trial court's judgment. *See Gray v. State,* 853 S.W.2d 782, 783–84 (Tex.App.–Houston [14th Dist.] 1993, pet. ref'd) (applying former version of Rule 34.6, which was substantially similar to present rule); *Burks v. State,* 904 S.W.2d 208, 210 (Tex.App.– Fort Worth 1995, no pet.) (same); *Glandon v. State,* No. 14–10–00020–CR, 2011 WL 345634, at *2–3 (Tex.App.–Houston [14th Dist.] Feb. 1, 2011, no pet.) (mem. op., not designated for publication) (applying present rule).

For example, absent a record of the trial testimony, we cannot confirm that the wit-

ness gave an opinion in front of the jury regarding the effects of alcohol on the body or glean the substance of the opinion. Alternatively, assuming the witness gave such opinion, we cannot foreclose the possibility that her qualifications were established during trial even if they were not established during the above-mentioned hearing. *See Black v. State*, 362 S.W.3d 626, 635 (Tex.Crim.App.2012) (holding that after trial court rules on motion to suppress, if parties consensually broach suppression issue again before fact-finder at trial, appellate court should also consider evidence adduced before fact-finder in reviewing ruling).

■ Finally, even if the witness gave such opinion and the State failed to establish the witness's qualifications at any point, absent a complete record, appellant cannot demonstrate he was harmed. *See Barshaw v. State*, 342 S.W.3d 91, 93 (Tex. Crim.App.2011) (recognizing appellate court will not reverse criminal conviction for non-constitutional error if *"after examining the record as a whole,"* it has fair assurance the error did not influence the jury, or influenced the jury only slightly; and such review includes testimony or physical evidence admitted, nature of evidence supporting the verdict, and character of alleged error and how it might be considered in connection with other evidence) (emphasis in original); *see also* Tex. R.App. P. 44.2(b) (providing appellate court must disregard non-constitutional error in criminal case that did not affect substantial rights); *Glandon*, 2011 WL 345634, at *2–3 (holding any error in denying defendant's motion to quash information was harmless where he filed partial's reporters record but no statement of points or issues and therefore court must presume complete record supported trial court's judgment).

Accordingly, we overrule appellant's sole issue and affirm the trial court's judgment.