

# NUMBER 13-16-00006-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**THE STATE OF TEXAS,**                                                              **Appellant,**

**v.**

**JOHN MACKENZIE,**                                                              **Appellee.**

### On appeal from the County Court at Law No. 4
### of Nueces County, Texas.

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Longoria and Hinojosa
### Memorandum Opinion by Justice Hinojosa

The State appeals from an order granting John Mackenzie's motion to dismiss an information for denial of the right to a speedy trial. In four issues, which we construe as one, the State complains that the trial court improperly dismissed the information against Mackenzie on speedy trial grounds because the trial court failed to correctly balance the

four *Barker* factors.[1]   Specifically, the State complains that the trial court:   (1) erred by attributing almost controlling weight and effect to the delay in serving Mackenzie with a capias; (2) failed to afford sufficient weight to Mackenzie's delay in seeking a speedy trial; and (3) failed to afford sufficient weight to Mackenzie's failure to testify or otherwise present evidence of prejudice.   We affirm.

## I. BACKGROUND[2]

On or about May 30, 2011, according to an information, Mackenzie allegedly committed assault on a family member, a second-degree felony.[3]   *See* TEX. PENAL CODE ANN. § 22.01(b-1)(1) (West, Westlaw through Ch. 49, 2017 R.S.).   The aforementioned information and a complaint were filed with the Nueces County District Clerk's Office on June 28, 2011.   On July 13, 2011, the trial court signed an order granting the State's motion for a capias.   Mackenzie was arrested approximately three years later, on September 14, 2014.[4]

In August 2014, the case was set for a jury trial on December 8, 2014.   Next to the docket sheet entry setting the case for trial is a notation, "ntc given to Def to hire an

---

[1] *Barker v. Wingo*, 407 U.S. 514, 515 (1972).

[2] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it.   *See* TEX. R. APP. P. 47.4.

[3] Mackenzie was not arrested after the alleged incident, and the parties describe the situation as a "non-arrest case."

[4] The return of the capias in the supplemental clerk's record shows that Mackenzie was arrested on September 14, 2014.   At the hearing, the State argued that the arrest was in July 2014.   On appeal, the State acknowledges the discrepancy and suggests that the "two-month difference would not seem to make any difference in the outcome of this appeal."   We will use the date of September 14, 2014 in our analysis.

atty."   At some point after the initial trial setting, Mackenzie was appointed counsel.

On December 4, 2015, Mackenzie filed a motion to dismiss on speedy trial grounds.   The State failed to file a written response; instead, it presented the trial court with oral argument.[5]   At the hearing on Mackenzie's motion, no testimony was offered and no exhibits were admitted.   The trial court heard from both attorneys and granted Mackenzie's motion.   This appeal by the State followed.

## II. DISCUSSION

In the State's sole issue, it challenges the trial court's granting of Mackenzie's motion to dismiss for lack of a speedy trial by arguing that the trial court improperly weighed the four *Barker* factors.

### A.     Applicable Law

The right to a speedy trial attaches once a person is arrested or charged.   *See Cantu v. State*, 253 S.W.3d 273, 281 (Tex. Crim. App. 2008).   In determining whether Mackenzie's constitutional right to a speedy trial has been violated, we analyze speedy trial claims "on an ad hoc basis" by weighing and then balancing the four factors expounded in *Barker v. Wingo*:   (1) length of the delay, (2) the reason for the delay, (3) Mackenzie's assertion of the right, and (4) the prejudice to Mackenzie.   *See id.* at 280 (Tex. Crim. App. 2008) (citing *Barker v. Wingo*, 407 U.S. 514, 515 (1972)).

The conduct of both the State and Mackenzie must be weighed in balancing the *Barker* factors, and no single factor is an essential or sufficient condition to the finding of

---

[5] Mackenzie contends that the State failed to preserve the grounds it raises on appeal because the State did not file a written response.   We decline Mackenzie's invitation, and we will address the State's appellate arguments that were first presented to the trial court orally.

a speedy trial violation. *See Barker*, 407 U.S. at 530. Rather, the *Barker* factors must be considered together, along with any additional and relevant circumstances. *See id.*

While the State has the burden of justifying the length of delay and reason for delay, Mackenzie has the burden of proving the assertion of the right and showing prejudice. *See Cantu*, 253 S.W.3d at 280 (citing *Barker*, 407, U.S. at 531; *Ex parte McKenzie*, 491 S.W.2d 122, 123 (Tex. Crim. App. 1973)). Additionally, Mackenzie's burden of proof on the latter two factors varies inversely with the State's degree of culpability for the delay in prosecuting Mackenzie. *See Doggett v. United States*, 505 U.S. 647, 657 (1992). Thus, the greater the State's bad faith or official negligence and the longer its actions, or inactions, delay a trial, the less Mackenzie must show actual prejudice or prove diligence in asserting his right to a speedy trial. *See Cantu*, 253 S.W.3d at 280–281.

However, before engaging in an analysis of each *Barker* factor, the accused must show that the delay from the date of the accusation until trial is unreasonable enough to be "presumptively prejudicial." *See State v. Wei,* 447 S.W.3d 549, 556–57 (Tex. App.—Houston [14th Dist.] 2014, pet. denied).

**B.    Standard of Review**

We apply a bifurcated standard of review to speedy trial cases. *See Cantu*, 253 S.W.3d at 281. We review factual components for an abuse of discretion while we review legal components de novo. *Id.* The balancing test as a whole is purely a legal question. *Id.* Under abuse-of-discretion review, we give deference to the trial judge's factual determinations and view all evidence from the record in the light most favorable to the

4

trial court's ultimate ruling. *Id.*

## C.      Length of the Delay

The State concedes that the length of the delay between the information and Mackenzie's arrest, which amounts to approximately three years and two months, suffices to trigger inquiry into the other *Barker* factors.   Accordingly, this *Barker* factor weighs against the State.

## D.      Reason for the Delay

While conceding delay, the State nevertheless argues that the unexplained delay "weighs against the State, but not heavily so."   The trial court disagreed.   The trial court was clearly concerned about the three-year delay preceding Mackenzie's arrest, stating:

COURT:      All right, hold on. Let me just also clarify for the record.   I'm only considering the delay up to the point of arrest.

STATE:      Okay.

COURT:      Not the amount of time it took from the point of arrest to get this before the Court.   So my concern is the three-plus years it took to actually make him aware that he had a case pending against him.   Now, the State, I guess, is conceding they don't have any—you don't have any evidence that he had absconded or moved from wherever he had originally been living or anything of that nature, correct?

STATE:      I don't have evidence one way or the other, Judge, no.

COURT:      Okay.   And we also don't have any evidence as to what efforts the Sheriff's office made to locate him once the capias was issued?

STATE:      That's correct, Judge.

Shortly before pronouncing its ruling, the trial court returned to the explanation for delay factor:

5

. . . I think that the State is creating the problem by utilizing the procedure, basically the capias procedure under Article 23 [of the code of criminal procedure[6]] without actually following its requirements. So I think I would consider it to be malfeasance on the part of the State, and I think that outweighs the other factors. Now it would depend on the length of time, too. If this was a delay of a year, or so, I probably wouldn't be as concerned with it, but the three-year delay combined with the fact that the State created the delay by not following the procedure, and I understand the reasons have been stated that the Sheriff doesn't have enough manpower to do it. I don't think that the Code of Criminal Procedures is optional.

We agree. Additionally, we conclude that an unexplained delay of three years in apprehending Mackenzie and notifying him of the charges is the type of negligence that weighs heavily, not lightly, against the State.

## E.    Assertion of the Right

Mackenzie bore the burden of proving the assertion of the right to a speedy trial, *Cantu*, 253 S.W.3d at 280, and his attorney posited to the trial court three grounds in support of this *Barker* factor. First, she contended the dismissal motion was timely, arguing that it was filed after she had been appointed as counsel and before Mackenzie's first trial setting with her as appointed counsel. Second, if Mackenzie was unrepresented prior to appointment of counsel, he would not know how to avail himself of a speedy trial right. Third, if Mackenzie had prior counsel who failed to move for dismissal, such failure would have been the result of ineffective assistance.

---

[6] We believe that the trial court was referring to article 23.18 of the Texas Code of Criminal Procedure, which provides,

> The return of the capias shall be made to the court from which it is issued. If it has been executed, the return shall state what disposition has been made of the defendant. If it has not been executed, the cause of the failure to execute it shall be fully stated. If the defendant has not been found, the return shall further show what efforts have been made by the officer to find him, and what information he has as to the defendant's whereabouts.

*See* TEX. CODE CRIM. PROC. ANN. art. 23.18 (West, Westlaw through Ch. 49, 2017 R.S.).

6

On appeal, the State asserts that this *Barker* factor weighs against Mackenzie because he waited fifteen months from when he was arrested to move for dismissal. In the trial court, the State argued:

STATE:    The—the issue of the settings, [Mackenzie] was set in August of 2014 for docket call December 4 of 2014. Jury trial was December 8, 2014. On December 4, 2014 [Mackenzie's counsel] was appointed, and at that time she signed the notice of setting for May 7 and May 11, docket call and jury trial respectively. That setting was left off the docket, and that's how we wound up with what is now the third setting. And I believe that—that those previous settings and the failure of defense to raise the speedy trial issue during that time is very much relevant to what we're discussing here today.

COURT:    Well, I'd have to disagree agree [sic] with you.

STATE:    Yes, Your Honor.

COURT:    I'm viewing this as if I heard it the day after he was arrested and first notified of the case. I'm not—any delay beyond that I'm not holding against the State, but I think that the excessive delay before he was arrested. . . .

Thus, the trial court was confronted with attorneys making disputed contentions as to when Mackenzie was appointed counsel. The State argued that it was December 2014 and that Mackenzie failed to move for dismissal before a May 2015 trial setting. Mackenzie argued, among other things, dismissal was sought before the first trial setting after counsel was appointed.

Our analysis of this *Barker* factor turns on three rules. First, the court of criminal appeals has held that "statements of an attorney on the record may be considered as evidence only if the attorney 'is speaking from first-hand knowledge.'" *Gonzales v. State*, 435 S.W.3d 801, 811 (Tex. Crim. App. 2014) (quoting *State v. Guerrero*, 400 S.W.3d 576,

7

585 (Tex. Crim. App. 2013)). Second, assuming that the State is correct regarding three trial settings, it has failed to present us with transcripts of the two previous settings. We must presume the omitted portions of the reporter's record are relevant and support the trial court's judgment. *See* TEX. R. APP. P. 38.6(d) ("The appellate court must presume that the partial reporter's record designated by the parties constitutes the entire record for purposes of reviewing the stated points or issues."); *see also Zavala v. State*, 498 S.W.3d 641, 642 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (citing *Gray v. State*, 853 S.W.2d 782, 783–84 (Tex. App.—Houston [14th Dist.] 1993, pet. ref'd) (applying former version of Rule 34.6, which was substantially similar to present rule); *Burks v. State*, 904 S.W.2d 208, 210 (Tex. App.—Fort Worth 1995, no pet.) (same)). Third, we must give deference to the trial judge's factual determinations in the light most favorable to its ultimate ruling. *See Cantu*, 253 S.W.3d at 281.

Applying these rules and assuming, without deciding, that attorneys for both the State and Mackenzie were speaking from first-hand knowledge and that the trial court considered such statements, *see Gonzales*, 435 S.W.3d at 811, we must give deference to the trial court's factual determination in the light most favorable to its ultimate ruling. *See Cantu*, 253 S.W.3d at 281. The trial court may have believed Mackenzie's counsel's assertion that she was the first attorney appointed to represent Mackenzie and that she moved for dismissal prior to the first trial setting after her representation began. *See Gonzales*, 435 S.W.3d at 811. We are bound to presume that the missing transcripts from two prior trial settings, which the State asserts occurred, support the trial court's decision. *See* TEX. R. APP. P. 38.6(d); *see also* Zavala, 498 S.W.3d at 642. In other

8

words, we presume that Mackenzie was unrepresented at the two prior trial settings referenced by the State. Under this presumption, Mackenzie may not have been aware of a speedy trial right until his counsel was appointed, which we presume was sometime after the alleged second trial setting. Accordingly, this *Barker* factor weighs in favor of Mackenzie.

## F. Prejudice

To analyze prejudice, the Supreme Court in *Barker* identified three interests the Speedy Trial Clause was designed to protect: (1) "to prevent oppressive pretrial incarceration," (2) "to minimize anxiety and concern of the accused," (3) and "to limit the possibility that the defense will be impaired." *Barker*, 407 U.S. at 532; *see Zamorano v. State*, 84 S.W.3d 643, 652 (Tex. Crim. App. 2002). The last interest is the most important because the fairness of the entire criminal-justice system is distorted when a defendant is unable to adequately prepare his defense. *Barker*, 407 U.S. at 532.

The State complains that "the timing and form of [Mackenzie's] initial assertion of his speedy trial right belie any claim of prejudice" and that Mackenzie "offered no evidence of prejudice at the dismissal hearing."

As to the first argument, as noted above, the trial court may have concluded that Mackenzie was unrepresented by counsel until his most recent trial setting. Therefore, the trial court may not have taxed Mackenzie with any delay. Moreover, while the trial court disclaimed the period of time from Mackenzie's apprehension to the speedy trial hearing in assessing the prejudice factor, reviewing the legal component of Mackenzie's speedy trial challenge de novo, *Cantu*, 253 S.W.3d at 281, we are not bound by the trial

court's disclaimer.

As we see it, the period of time for determining prejudice in this case runs from: (1) June 28, 2011, when Mackenzie was charged by information; (2) past June 28, 2014, the expiration of the statute of limitations for the charged offense;[7] (3) past September 14, 2014, when Mackenzie was apprehended; and (4) until December 4, 2015, when Mackenzie, upon gaining a court-appointed attorney, timely asserted his right to a speedy trial. This period of nearly four and a half years approaches the five-year period wherein the Fifth Circuit has concluded that a finding of presumed prejudice attaches. *See U.S. v. Cardona,* 302 F.3d 494, 498 (5th Cir. 2002) (holding that the excessive delay was due to the negligence of the State and reasoning that, because the prejudice caused by excessive delay compounds over time, a five-year delay was sufficient to absolve the defendant of his burden to prove prejudice).

As to the second argument, the State's contention that Mackenzie "offered no evidence of prejudice at the dismissal hearing" appears premised on a belief that a presumption of prejudice had not attached because the length of delay was less than five years. Assuming such a premise, the State would have had no burden to rebut a presumption of prejudice. *Cf. Gonzales*, 435 S.W.3d at 815 (holding that where a presumption of prejudice is established the State must persuasively rebut the presumption). However, under the facts of this case, we conclude that a presumption of prejudice attached.

The length of delay is not the exclusive factor in determining whether a

---

[7] The offense charged in the information was subject to the residual three-year statute of limitations for felonies. *See* TEX. CODE CRIM. PROC. ANN. art. 12.01(7) (West, Westlaw through Ch. 49, 2017 R.S.).

presumption of prejudice has attached. *See Wei,* 447 S.W.3d 549 at 556 (surveying case law and recognizing that in no case surveyed was prejudice presumed because the length of the delay reached a "magic number"). In *United States v. Molina-Solorio*, the appellant, who waited ten years between indictment and trial, argued that "the length of delay, combined with the [State's] negligence and his timely assertion of his rights, warrant[ed] a finding of presumed prejudice," and the Fifth Circuit agreed. 577 F.3d 300, 304 (5th Cir. 2009). In *Doggett*, 505 U.S. at 656–57, the Supreme Court examined the prejudice component of the *Barker* test, and it noted that "affirmative proof of particularized prejudice is not essential to every speedy trial claim," and that "negligence is not automatically tolerable simply because the accused cannot demonstrate exactly how it has prejudiced him." *Doggett* and *Molina-Solorio* are referenced by the Texas Court of Criminal Appeals in *Gonzales*, 435 S.W.3d at 813–14, wherein the court found that a presumption of prejudice attached to a six-year delay. *Id.* at 815.

Our conclusion is further supported by Presiding Judge Keller's dissent in *Gonzales*, where she writes, "In my view, one of the purposes of the speedy-trial guarantee is to protect the defendant against 'tolling abuse'—the use of a charging instrument to toll limitations when no serious prosecution would otherwise be forthcoming until after limitations had expired." *Id.* at 816 (P.J. Keller, dissenting). In this case, the State presented no evidence regarding its attempts to arrest Mackenzie, the trial court characterized the State's record keeping as "malfeasance," and Mackenzie was arrested a few of months after the expiration of limitations. *See* TEX. CODE CRIM. PROC. ANN. art. 12.01(7) (West, Westlaw through Ch. 49, 2017 R.S.).

Because a presumption of prejudice attached on the record before us, the State had the burden to persuasively rebut such a presumption. *Gonzales*, 435 S.W.3d at 815. By failing to do so, this *Barker* factor weighs against the State.

## G. Balancing

All four of the *Barker* factors weigh in Mackenzie's favor and against the State. The State concedes that the length of delay factor triggers a *Barker* analysis and that it weighs against the State. While the State contends that the reason for the delay should weigh against it slightly, we decline the State's suggestion. We conclude that the second *Barker* factor weighs heavily against the State because it presented no evidence of its efforts to arrest Mackenzie. *See Doggett*, 505 U.S. at 657 (providing that the longer the delay due to official negligence, the less tolerable the delay becomes). The third *Barker* factor, assertion of the right to a speedy trial, weighs against the State. Giving the deference that we must to the trial court's factual determinations, *see Cantu*, 253 S.W.3d at 281, and the record that the State presents, *see* TEX. R. APP. P. 38.6(d), Mackenzie timely asserted his right to a speedy trial. Lastly, as to prejudice, we conclude that the delay approaches five years and that it, combined with the State's negligence, and Mackenzie's timely assertion of his rights, warrant a finding of presumed prejudice. *See Molina–Solorio*, 577 F.3d at 304. We further conclude that the State failed to rebut the presumption that Mackenzie's defense was impaired. *Gonzales*, 435 S.W.3d at 815. Therefore, we hold the trial court did not err in balancing the *Barker* factors and granting Mackenzie's motion to dismiss for lack of a speedy trial.

We overrule the State's sole issue, as reframed.

### III. Conclusion

We affirm the trial court's order of dismissal.

LETICIA HINOJOSA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
3rd day of August, 2017.

13