In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-19-00430-CR**
_____

**LAVETTE ONSHA MCAFEE-JACKSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Court at Law No. 5**
**Montgomery County, Texas**
**Trial Cause No. 19-338240**

**MEMORANDUM OPINION**

A jury found Appellant Lavette Onsha McAfee-Jackson guilty of misdemeanor possession of more than two but less than four ounces of marijuana. In one appellate issue she challenges the trial court's denial of her motion to suppress. We affirm.

Evidence at Trial[1]

Trooper Blake Fletcher with the Texas Department of Public Safety testified that on January 11, 2019, he initiated a traffic stop on a vehicle driven by Appellant for an improperly placed license plate. According to Trooper Fletcher, he approached the driver's side, identified himself, and explained to Appellant why he initiated the stop. Trooper Fletcher testified that he told Appellant he was going to issue her a warning, went back to his patrol car to print the warning, and returned to the driver's side of the Appellant's vehicle. Trooper Fletcher testified that "as I was speaking with her and as she was signing the warning, I smelled marijuana coming from inside the vehicle." He asked her if she had marijuana in the vehicle and he testified he did not remember her exact response but had her exit the vehicle. He testified he asked her again if she had marijuana in the vehicle, and she said she "didn't think so." He testified he asked her where the marijuana was when it was in

---

[1] Our appellate record shows that Appellant's original request for preparation of the reporter's record asked that the record include only the "[d]irect [e]xamination of officer" and "[a]ll exhibits offered or introduced into evidence." Neither the request nor Appellant's notice of appeal included any designation of the issue to be raised on appeal. After the case was abated and new counsel appeared, Appellant filed an amended designation of items to be included in the reporter's record and asked for a partial reporter's record – "[t]he entire testimony of Trooper Fletcher[,]" "[a]ll admitted or offered exhibits[,]" and "[a]ny motion to suppress or objection regarding either contraband or paraphernalia, raised or litigated on the record." The amended designation also did not include a statement of issue to be raised on appeal.

the vehicle, and she responded, "I had a bag and it was in the driver door, but I hope it's empty."

According to Trooper Fletcher, he had probable cause to search the vehicle, and based on the smell and Appellant admitting to drug paraphernalia in the vehicle, he detained her and searched the vehicle. He testified he found a baggy in the driver's side door with a usable amount of marijuana inside of it and a "pretty good amount[]" of marijuana in a duffle bag in the back seat. He testified the marijuana weighed approximately 3.9 ounces. State's Exhibit 2, the marijuana seized, was admitted into evidence without objection.

On cross-examination, defense counsel asked Trooper Fletcher questions regarding whether he could differentiate between the smell of marijuana and zero THC hemp, and when Trooper Fletcher responded that he could not provide specific articulable facts that differentiate the two, the following exchange occurred:

> [Defense counsel]: Judge, I move to suppress the search of this marijuana based on he said it was smell and odor alone. And you don't get to move forward if you've got a plant that's got nothing, that's not illegal, that looks and smell, as his testimony, the exact same. . . . He's not allowed to move forward with the search if he can't - - if he doesn't have a real probable cause to think it's marijuana.
>
> THE COURT: Well, I think her admissions and the smell together are enough.
>
> [Defense counsel]: To move forward with the arrest, yes; but to get her out of the car at that point to move forward with the search - - he admitted, I got her out of the car to search immediately based on the

smell of odor of marijuana, which cannot be differentiated from non-THC hemp cannabis plant.

THE COURT: Okay. Motion to suppress is denied.

Denial of Appellant's Motion to Suppress

On appeal, Appellant argues the trial court abused its discretion by denying Appellant's motion to suppress evidence seized during Trooper Fletcher's search of Appellant's vehicle. According to Appellant, Trooper Fletcher testified that he had probable cause to search Appellant's vehicle during the traffic stop based on the fact that he smelled marijuana, and that "Fletcher also conceded that, when presented with Defense Exhibits 1 and 3, which were 'zero THC hemp flower bought at a corner store' – he could not tell the difference in either look or smell between that substance and the actual marijuana in State's Exhibit 2." Appellant argues she moved to suppress evidence obtained from the search "based on Fletcher's concession that he could not differentiate between the smell of contraband and an entirely legal substance – a hemp plant with no THC."

We conclude that Appellant failed to comply with Texas Rule of Appellate Procedure 34.6(c) in either of her requests for preparation of a partial reporter's record because she did not designate the issues to be raised on appeal. Appellant also did not object at the first opportunity to admission of the evidence obtained from the search of the vehicle she was driving.

4

Rule 34.6(c)(1) of the Texas Rules of Appellate Procedure provides that if the appellant requests a partial reporter's record, "the appellant must include in the request a statement of the points or issues to be presented on appeal and will then be limited to those points or issues." Tex. R. App. P. 34.6(c)(1). An appellate court "must presume that the partial reporter's record designated by the parties constitutes the entire record for purposes of reviewing the stated points or issues." Tex. R. App. P. 34.6(c)(4); *see also Zavala v. State*, 498 S.W.3d 641, 642 (Tex. App.—Houston [14th Dist.] 2016, no pet.). When an appellant obtains a partial reporter's record and does not comply with Rule 34.6(c) by designating the issues to be raised on appeal, the appellate court must presume that the material missing from the reporter's record is relevant and supports the trial court's judgment. *See Zavala*, 498 S.W.3d at 642. Considering the portions of the record designated for appeal and assuming that the omitted portions of the reporter's record support the trial court's judgment, we cannot conclude that the trial court abused its discretion by denying the motion to suppress.

Additionally, to preserve a complaint for appellate review, the record must show the complaint was made to the trial court by a timely request, objection, or motion stating the grounds for the ruling sought with sufficient specificity to make the trial court aware of the complaint and that the court ruled on the request, objection, or motion. *See* Tex. R. App. P. 33.1(a); *Aguilar v. State*, 26 S.W.3d 901,

5

905 (Tex. Crim. App. 2000). To be timely, an objection must be made as soon as the ground for complaint is apparent or should be apparent. *See Aguilar*, 26 S.W.3d at 905. A specific objection to inadmissible evidence should be urged at the first opportunity. *Id.* at 905-06. The complaining party must object "before substantial testimony is given regarding the alleged illegally seized item." *Coleman v. State*, 113 S.W.3d 496, 500 (Tex. App.—Houston [1st Dist.] 2003), *aff'd*, 145 S.W.3d 649 (Tex. Crim. App. 2004) (defendant waived error in admission of evidence of narcotics seized from his home where he waited until after officers and crime laboratory chemist had testified extensively about seized items).

On appeal, Appellant asserts she filed a motion to suppress on the first day of trial

> alleging, among other things, that her detention was illegal and the admission of statements made by Appellant violated her rights under the Fourth Amendment[;] [h]owever, trial counsel did not move to suppress the evidence obtained pursuant to the vehicle search until his cross-examination of Fletcher.

Appellant's motion to suppress asked the trial court to suppress Appellant's oral statements to law enforcement at the time of arrest because she claimed that her statements were involuntary, coerced, and she was deprived the right to counsel and did not make an intelligent and knowing waiver of that right. According to the motion to suppress, the admission of Appellant's statements would be a violation of the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States

Constitution, Article I, Sections 9 and 10 of the Texas Constitution, and Articles 1.05 and 38.23 of the Texas Code of Criminal Procedure. Appellant did not obtain a hearing or ruling on her motion to suppress before trial.

Under these circumstances, the mere filing of the motion to suppress did not preserve the error Appellant urges on appeal. *See Thomas v. State*, 884 S.W.2d 215, 216 (Tex. App.—El Paso 1994, pet. ref'd). Appellant argues that her objection was timely because unlike in other typical contraband suppression cases, "the suppression issue in this case did not become apparent until Trooper Fletcher testified that he could not differentiate between the contraband and the two containers of legal hemp product." We disagree. The suppression issue was apparent from the beginning of the trial, and Appellant should have objected at the earliest testimony regarding the drugs. For example, the Appellant made no objection when Trooper Fletcher testified that he smelled marijuana and asked Appellant to exit the vehicle, Appellant did not object when Trooper Fletcher testified that he found marijuana in her car, and the Appellant stated no further objections when the State offered the marijuana into evidence. *See Aguilar*, 26 S.W.3d at 905; *Coleman*, 113 S.W.3d at 500; *see also Marini v. State*, 593 S.W.2d 709, 714 (Tex. Crim. App. 1980) (defendant forfeited claim that trial court should have suppressed physical evidence of narcotics because defendant had not objected at trial to officer's testimony about finding narcotics); *Laurant v. State*, 926 S.W.2d 782, 783 (Tex.

7

App.—Houston [1st Dist.] 1996, pet. ref'd) (where trial court did not rule on motion to suppress before trial, defendant forfeited error by waiting until after officers testified about the physical evidence to object to admission of the physical evidence). When the State offers the subject evidence at trial and the defendant affirmatively voices, "no objection," then the defendant will have waived any error in the admission of the evidence. *See Swain v. State*, 181 S.W.3d 359, 368 (Tex. Crim. App. 2005) ("The affirmative acceptance of this previously challenged evidence waived any error in its admission."); *Moraguez v. State*, 701 S.W.2d 902, 904 (Tex. Crim. App. 1986) (a defendant may generally make an objection to the introduction of evidence in a pretrial motion to suppress, but he waives that objection and any error relating thereto when he affirmatively states "no objection" to introduction of same evidence at trial).

Accordingly, Appellant's complaint regarding the denial of the motion to suppress and the introduction of the evidence obtained from the search was not preserved for review. We overrule Appellant's issue and affirm the trial court's judgment.

AFFIRMED.

_____
LEANNE JOHNSON
Justice

8

Submitted on June 25, 2021
Opinion Delivered September 1, 2021
Do Not Publish

Before Golemon, C.J., Kreger and Johnson, JJ.